THOMPSON *et al. v.* O'CONNOR, sheriff, *et al.*

1. Under the Civil Code, §§ 4571–2, a forthcoming bond may be made payable to a deputy-sheriff when he is the "levying officer," and as such levying officer he may institute suit upon a breach of the bond.

2. Improper remarks by counsel in the course of argument, made before a jury has been stricken, but in the hearing of those who have been summoned to serve as jurors, can in no event be cause for a continuance.    At most, there should merely have been a postponement of the trial until other panels could be drawn from which to select a jury.

3. One who files a claim to the levy of an attachment and replevies the property by giving a forthcoming bond can not, after a judgment has been rendered in the claim case finding the property subject, set up, in defense to an action upon the forthcoming bond, any contention decided against him by the judgment in the claim case.

4. Grounds of a motion for a new trial alleging error in admitting evidence must themselves show, literally or in substance, what the evidence in question was.

5. It is not error for the court to refuse to give in charge to the jury any portion of a written request which contains several propositions one or more of which are incorrect.

Submitted March 1,—Decided April 2, 1902.

Action on forthcoming bond.    Before Judge Eve.    City court of Richmond county.    July 5, 1901.

*Westmoreland Brothers, W. T. Gary,* and *E. B. Baxter,* for plaintiffs in error.

*C. Henry Cohen, P. J. Sullivan,* and *William H. Fleming,* contra.

FISH, J.  O'Connor, sheriff of Richmond county, and Pritchard, deputy-sheriff, brought suit against Thompson & Son as principals, and Heggie Brothers as securities, on a forthcoming bond given in a claim case wherein Thompson & Son were claimants.  The bond sued on was made payable to "E. E. Pritchard, deputy-sheriff of said [Richmond] county."  The defendants demurred generally, and further upon the grounds that the complaint failed to show legal capacity in the plaintiffs, or either of them, to maintain the suit, and did not allege the value of the property which it was charged the defendants failed to produce under the forthcoming bond.  The plaintiffs amended to meet the ground of demurrer as to the value of the property; whereupon the court overruled the demurrer.  The defendants in their answer denied the right of Pritchard as deputy-sheriff to require a forthcoming bond of them, and made general denials of liability on the bond.  Subsequently they offered an amendment to their answer, in which they attempted to set up, as a defense to the action on the forthcoming bond, matter which went to the merits of the claim case in which the bond was filed, and which, if established on the trial of that case, would necessarily have resulted in a verdict for the claimant.  This amendment the court refused to allow.  The case then proceeded to trial, and the jury returned a verdict for the proved value of the property which was the subject of the bond, together with interest, costs, and attorneys' fees.  The defendants made a motion for a new trial, which was overruled, and they excepted.

1. It is to be observed that there was no demurrer to the petition on account of misjoinder of parties plaintiff, nor because the sheriff was made a coplaintiff with his deputy.  The demurrer which was filed goes only to the right of the deputy-sheriff to require and take a forthcoming bond in a claim case.  The Civil Code, § 4571–2, provides that in claim cases the claimant may replevy the property by giving a bond payable to the "levying officer," and that upon the failure of the claimant to deliver the property according to the terms of the bond, the "levying officer" may immediately sue the claimant and his security upon the bond.  Instead of restricting the power to take a forthcoming bond in claim cases to the sheriff alone, the language used would seem to convey the clear intention that that power should be used by the officer actually making the levy, whoever he might be, and only by that officer.

2. During the argument upon the allowance of the amendment to the answer, one of counsel for the plaintiffs made charges to the effect that the amendment was offered solely for the purpose of delay, and that the defendants had evaded the payment of a just debt for several years through the ingenuity of their counsel. The jury in the case had not at the time been selected, but the members of the panels which had been drawn and from which the jury was subsequently chosen were present and heard the remarks referred to. Counsel for the defendants objected to the language used, and moved for a continuance on the ground that the alleged improper remarks had been made in the presence and hearing of the jurors. The court cautioned counsel to confine his argument to the record, but refused to grant a continuance, and this is assigned as error. Granting that the language in question was objectionable and would have been cause for a mistrial if uttered in the presence of the jury after the trial of the case had begun, we fail to see how, when spoken before the jury was selected, but in the presence of those who were summoned to serve as jurors, it could in any event constitute a ground for continuance. Under certain circumstances, improper remarks of counsel made in the hearing of prospective jurors might render it necessary for the trial judge, in order to assure a fair trial, to discard the panels of jurors already drawn and summon other panels from which to strike a jury. No request to this effect appears to have been made in the present case; so that we are not called upon to say whether or not the court erred in failing to adopt the course suggested. It is also unnecessary to decide as to the propriety of the remarks made by counsel to which objection was made; it is sufficient that under the circumstances they did not, even if improper, constitute a ground for a continuance.

3. It is admitted by counsel for the plaintiffs in error that the main point in their case arises upon the refusal of the court below to allow the amendment to their pleas, by which they virtually sought to reopen the claim case in which the bond was given, and in which a verdict adverse to the principal of that bond was rendered. We can see no room to question the correctness of the ruling of the trial judge on this point. The action on the bond presented the single issue whether or not the defendants had complied with its terms, and, if not, whether they had any legal excuse for their failure so to do. The condition of the instrument was that

the defendants should deliver the property levied upon under the attachment to the deputy-sheriff at the time and place of sale, provided it should be found subject to the attachment. The property was found subject to the attachment, and the obligation to produce it then became absolute. To allow the defendants to contest the payment of the bond on the ground that the verdict finding the property subject to the attachment was wrong would be an absurdity on its face. A case directly controlling in principle is that of *Campbell* v. *Bush,* 112 *Ga.* 737. Bush was surety on a bail-bond in a trover case. His principal won the trover suit in the court below, but this court reversed the judgment in his favor. Bush then filed an equitable petition to enjoin the further prosecution of the bail-trover proceeding, on the ground that he, and not his principal, was the owner of the property in controversy. This court held that he could not maintain his action, as he had voluntarily and deliberately taken the chances of his principal defeating the trover suit, and must abide by its result as fixing his liability on the bond. So, in the present case, the defendants took the chances, when they signed the forthcoming bond, that Thompson & Son would prevail in the claim case in which the bond was given. Their obligation was to produce the property to answer whatever judgment might be rendered. The jury found the property subject to the attachment which had been levied, and they must abide by that verdict.

4. Certain grounds of the motion for a new trial complain of alleged error in the admission of evidence, without stating, either literally or in substance, what the evidence was to which objection was made. Under the repeated rulings of this court, such grounds can not be considered.

5. By one written request, counsel for the plaintiffs in error sought to have the court give in charge to the jury five different propositions of law. Some of these propositions were possibly meritorious; others of them certainly were not. By one assignment of error, exception is taken to the refusal of the court to charge all five propositions. Under the ruling of this court in the case of *Grace* v. *McKinney,* 112 *Ga.* 425 (1), the judge was authorized to refuse to comply with the request as made, and the judgment will not on that account be disturbed.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*