## BURKHALTER v. WILSON *et al.*

No. 7081. MAY 22, 1929.

*W. T. Burkhalter* and *Kirkland & Kirkland,* for plaintiff.

*W. H. Lanier,* for defendants.

GILBERT, J.   W. T. Burkhalter brought suit against J. T. Wilson, after which J. W. Smith and R. H. Brewer were made parties defendant.   The petition alleged title in described land to be in petitioner, and that the defendants were cutting, felling, and removing timber thereon; that defendants had no title, and that they were insolvent, their acts constituting irreparable damage.   The prayers were that the defendants be enjoined from further cutting timber, and that petitioner recover "any and all damages he has sustained up to the date of the trial."   The petitioner claimed title under "constructive possession of the same for over twenty years under a duly recorded deed made by the sheriff of Tattnall County to J. V. Kelley, dated the 5th day of September, 1905, and transferred by said Kelley to your petitioner, together with the property therein described, on the 8th day of September, 1905;" also under four quitclaim deeds to petitioner as follows: (1) by Mrs. Maxie Collins, dated February 17, 1912; (2) by T. J. Holland, dated June 18, 1912; (3) by John Holland, dated December 28, 1911; and (4) by Pollie Brown, dated November 21, 1923; all of said deeds except the third being duly recorded.   The defendant Wilson admitted cutting said timber, and claimed title, denying any interest in said lands to be in plaintiff.   He claimed title under the following chain: "Deed from J. W. Smith, dated the 3rd day of December, 1924, J. W. Smith having acquired title from Elvina Holloway by deed dated November 5, 1912; Elvina Holloway having acquired title from Elbert Bird by deed dated August 10, 1897; and Elbert Bird having acquired title by a transfer of a deed from J. D. Holland, by Elbert Bird, attorney in fact, to W. H. Yeomans, dated April 13, 1897; W. H. Yeomans having transferred to Elbert Bird, July 10, 1897, and having also made a quitclaim deed to the said Elvina Holloway, dated July, 1909, which last-mentioned conveyance follows a security deed made by J. D. Holland to Elbert Bird, April 8, 1895, Jefferson D. Holland having acquired title from W. H. and Annie Collins by deed dated December 1, 1884, in which deed the description covers the John Dixon grant dated August 5, 1816."   The jury returned a verdict for the defendant.   The plaintiff moved for a new trial on general and special grounds.   The motion was overruled, and he excepted.

The grounds of the motion based upon the refusal of the court to charge as requested in writing show no error. Where a number of propositions are requested en bloc and one or more are incorrect, the judge may refuse the entire request. *Grace* v. *McKinney,* 112 *Ga.* 425 (37 S. E. 737); *Thompson* v. *O'Connor,* 115 *Ga.* 120 (5) (41 S. E. 242). The request was submitted en bloc, covering several typewritten pages, the different subject-matters covered being in no way separated one from another. The request purports to cover all of the issues in the case, but is incomplete in several particulars. (a) It requests the court to "charge fully on title by prescription," also to "charge fully on title lines being recognized as the dividing line between adjacent land owners," and to "charge the principle that if the defendants are claiming title under W. H. Collins they must show title deeds conveying the lands definitely described as the plaintiff had to show," such requests being incomplete in that they do not set out the exact charges requested. (b) It requests the court to charge "that the defendants are not permitted to show any outstanding title to defeat the title of the plaintiff; they both claim under one common grantor or source of title," which request does not set out a correct principle of law applicable to this case. "A request for the court to charge the law as to prescriptive rights and adverse possession is too general and indefinite." *McElwaney* v. *MacDiarmid,* 131 *Ga.* 97 (6), 99 (62 S. E. 20); see also *Wright* v. *W. & A. R. Co.,* 139 *Ga.* 343 (3) (77 S. E. 161). The ruling in *Florida Yellow Pine Co.* v. *Flint River &c. Co.,* 140 *Ga.* 321, 322 (78 S. E. 900), cited by movant, is not applicable. In that case both parties were claiming under grants from the same person, and the defendant admitted title in that person whose grant to petitioner was prior to his grant to the defendant. In this case the defendants do not plead outstanding title, but claim title and possession.

The remaining headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*