SIKES *v.* SECKINGER.

2

No. 7068. February 12, 1930.

*W. T. Burkhalter,* for plaintiff in error.

*J. T. Grice* and *C. L. Cowart,* contra.

Russell, C. J. This is the second appearance of this case before this court. *Sikes* v. *Seckinger,* 164 *Ga.* 96 (137 S. E. 833). The only material difference in the evidence upon the subject of title is the evidence of Norman and others, introduced in behalf of the defendant, who testified to a parol gift to Joe Sikes, the husband of Mrs. Sidney M. Sikes, antedating the parol gift made by Mrs. Victoria E. Sikes to the plaintiff, referred to in the statement of facts in *Sikes* v. *Seckinger,* supra.

In the fourth ground of the motion for a new trial the plaintiff alleges that the court erred in sustaining an objection to the following question propounded to the plaintiff as a witness, and in refusing to allow the witness to answer the same: "Did your husband make any statement about the deed that his mother did make to him, what he wanted done with it?" The objection was as follows:

"We object to a statement about what her husband might have made about what he wanted done with the deed made by him, unless notice of that is brought home to the defendant. I object to it as irrelevant and immaterial and wouldn't be binding upon the defendant." Counsel for plaintiff stated to the court, "I expect the witness to say that he didn't want the deed, didn't claim any title to it, and wanted the title in his wife, the witness and plaintiff in this case." The court sustained the objection and excluded the question. We are of the opinion that the court erred in this ruling. This evidence would have shown a disclaimer of title on the part of J. P. R. Sikes, and this would have been an additional ground of estoppel to his having attested the deed in question, and would have been explanatory of the fact that he had full knowledge of the effect which resulted as a matter of law from such attestation. It appears in the evidence that he had never formally accepted the deed or formally disclaimed title, and that he requested his mother to make a deed to the plaintiff, as his mother did. Furthermore, there are a number of circumstances in the evidence tending to show that J. P. R. Sikes (perhaps because he had urgent creditors, or for other reasons) preferred for his wife to be the owner of the premises, one of the strongest of these circumstances being that the deed which had been made by his mother to him was not recorded for ten years, and then for the purpose of obtaining a loan upon the land as he did, probably because the deed from his mother to his wife, which had been for nearly ten years on record, was apparently overlooked. The evidence excluded may not have been essential to the plaintiff's case in view of other evidence, but it was certainly admissible as being corroborative of other testimony in her favor. Furthermore, the strength of the paper title which Mrs. Sikes or her husband held may be supported or defeated by the outstanding facts on which the common grantor executed the said paper title.

The fifth ground of the motion can not be considered, because this ground of the motion is incomplete in that the requests which are said to be attached to this ground of the motion do not appear in fact to have been so attached and are not in the record. The same ruling applies to the sixth ground.

The seventh ground as stated would not require the grant of a new trial. As an abstract principle, it is always proper in an

ejectment case to tell the jury that "in an ejectment case the plaintiff must recover upon the strength of her own title, and not upon the weakness of the defendant's title." As shown by the abstract of title attached to the plaintiff's petition, she relied upon the deed executed to her by Victoria E. Sikes on August 30, 1900, and recorded June 21, 1901, and so the argument of counsel for plaintiff in error as to the effect of this charge upon her equitable title is without merit.

In the eighth ground for a new trial it is stated that the court charged as follows: "I charge you that any conveyance of property made by a wife, either directly or indirectly, for the purpose of paying the debts of the husband, would be void as between the parties themselves, and as to all subsequent purchasers from the vendee in such conveyance, or donee of such conveyance, with notice of the fact that that was a conveyance for the purpose of paying the husband's debts, or with notice of any equity of title on the part of the wife, where the wife is in possession." This charge was error, for one who had the notice referred to by the court would be bound thereby whether the wife was in possession or not. The instruction therefore naturally tended to confuse the jury and to greatly minimize, if not altogether destroy, the instruction preceding the use of those words. It made the rights of the wife to legal redress, in case she paid her husband's debts by the conveyance of her property, depend upon her possession of the property at the time, when her possession or the fact that she was not then in actual possession would only be a circumstance to be considered illustrative of her ownership.

The charge of which complaint is made in the ninth ground of the motion for a new trial is as follows: "Now in this case, gentlemen of the jury, the first question for you to determine, whether or not there was a gift made by Mrs. Victoria E. Sikes to her son, J. P. R. Sikes, and which was accompanied with possession and the making of improvements on this property in pursuance of that gift. If you should determine in this case that there was a gift made by Mrs. Victoria E. Sikes to J. P. R. Sikes, and that in pursuance of that J. P. R. Sikes went into possession of this tract of land and made valuable improvements on that tract of land, then I charge you, . . that that would vest title in him, would give him a perfect equity in this land, upon which he would have

a right to recover in this case, unless you find, under the charge that I will give you hereafter, that he has in some way been deprived of that title, and that that has been proved in this case. If you should find that to be true, that there was a gift, and improvements and possession [by?] J. P. R. Sikes, and that he has not been deprived of possession under any of the charge that I give you, then I charge you that [the] defendant in this case would be entitled to win this case, and your verdict would be in favor of the defendant." "Movant says that this charge of the court is error, because she contends the evidence shows that there was no gift of the land in dispute made to her husband at any time, and the only attempt towards such a thing was the making of a deed to him at a date subsequent to the gift in parol made to the plaintiff and subsequent to the vesting of the title into the plaintiff, which act on the part of the donor could not have deprived movant of her title. Movant further contends that this charge of the court instructed the jury to find for the defendant if they found that the donor made a gift to her son, even though it was subsequent to the gift he made to the plaintiff, provided he took possession thereunder and made the improvements on the faith of the gift, even though movant may have been in possession and made improvements prior to this gift. Movant says this charge of the court eliminated the strength of priority of the gift made to her, if one was even later made to the son. Movant says that there is no substantial evidence that shows that J. P. R. Sikes ever took the actual possession of the property after the date of his marriage to plaintiff, as will appear by reading the brief of evidence. Movant says, for the reasons aforesaid, the court erred in charging the jury as above quoted." We can not say that this charge required the grant of a new trial. It would seem that perhaps the court should have taken up first the case of the plaintiff and see if she had a case, after charging that the plaintiff must rely upon the strength of her own title and not upon the weakness of the defendant's title. But in view of the fact that no complaint is made in the same connection that the subsequent charges which the court said he would give did not sufficiently call the attention of the jury in an appropriate manner to the contentions of the plaintiff, the instruction standing alone can not be held to be error.

In the tenth ground complaint is made that the court magnified

the alleged error referred to in the ninth ground by charging the jury: "If you should find that a gift was not made to J. P. R. Sikes, then you must determine whether or not the gift was made to the plaintiff in this case." As has just been remarked, the ordinary course of procedure would be first to have charged as to the plaintiff's case, and then point out the defense raised by the defendant which might or could defeat plaintiff's recovery, and it was perhaps not altogether favorable to the plaintiff to instruct the jury that only in case they should find that a gift was not made to Sikes were they to determine whether the gift was made to the plaintiff.

In the former appearance of this case, it was held: "Where the husband of the donee, who was the son of the donor, after receiving his deed from the donor, requested the latter to execute a deed to his wife, which was attested by two witnesses, one of whom was a notary public, and where the husband signed the attestation clause of the deed under the signatures of the attesting witnesses, the son and those claiming under him would be estopped from asserting that the wife acquired no title under the deed to her from her mother-in-law, although such deed might not operate to convey to the donee whatever title the son had in the land." So that the defendant in this case, who holds under the son referred to in the above quotation, would be estopped to set up conveyances whether by parol or in writing, no matter how many might be introduced, evidencing a conveyance of land to J. P. R. Sikes from his mother Mrs. Victoria E. Sikes. The estoppel would operate just as completely as to the parol gift as to the deed later executed to him by his mother and which was referred to when the case was here before. For this reason it was error to charge as complained of in the eleventh ground of the motion for a new trial: "I charge you that if he, after acquiring title by gift, should himself sign as an attesting witness a deed made to his wife, or any other person, to his wife in this case, to this tract of land in question, that that would estop him from afterwards claiming that tract of land, unless you find that at the time he attested that deed as a witness that the person to whom this deed was being made that he was attesting knew that a deed was already outstanding to the same tract of land in J. P. R. Sikes. If she knew that, then he would not be estopped; the doctrine would not apply." We know of no rule of law which defeats the estoppel dependent upon the

knowledge of the person to whom the deed is made. The law is to the contrary. If the attesting witness does not know that he is affecting his own rights and thereby estopping himself from asserting title, *he* can in some instances remove the estoppel by showing that he was by fraud kept in ignorance of the true nature of the instrument, in order to rebut the presumption of knowledge with which he is charged. But the estoppel operates only upon the attesting witness, and it is altogether immaterial whether the grantee in the deed is ignorant of or aware whether the witness has or claims any interest in the land to be conveyed; certainly unless it appears that she concealed from her husband, in this case, the existence of the deed, and as to this the evidence is uncontradicted that he knew that his wife had in her custody the deed executed to him by his mother, Mrs. Victoria E. Sikes. The deed which the husband attested was of record long before Seckinger ever purchased the property. The record gave notice. But the fact that the husband who had had, let us say, both an equitable title by gift from his mother, confirmed by a deed from her, was in a sense disclaiming title or at least that those who claimed under him were estopped from asserting title. It is a well-settled rule, said this court in 54 *Ga.* 170, that a party is charged with notice of recitals in any deed under which he claims title. *Georgia Southern Railroad* v. *Reeves,* 64 *Ga.* 492, 496. "One who accepts from another a conveyance of land with notice of the fact that a third person has an equitable interest therein takes subject thereto." *Slone* v. *Georgia Loan & Trust Co.,* 107 *Ga.* 524 (2) (33 S. E. 861). How much stronger is the notice in this case that Mrs. Sikes had a title by deed, which whether good or not as to all persons, estopped any person who claimed the land under J. P. R. Sikes. To charge the jury "that the person to whom this deed was being made, that he was attesting, knew that a deed was already outstanding to the same tract of land in J. P. R. Sikes. If she knew that, then he would not be estopped; the doctrine would not apply," in this case was the equivalent of directing a verdict for the defendant, because there was no denial on the part of the plaintiff that the deed from his mother to her husband was delivered to her and by her called to the attention of her husband, who thereafter requested that his mother make to his wife the deed under which she seeks to recover in this ejectment case.

In the twelfth and thirteenth grounds of the motion complaint is made that the court erred in his charge to the jury upon the subject of mesne profits. The jury having found for the defendant, the plaintiff was not entitled, under that finding, to mesne profits, and this court will not at this time consider the merits of the instructions upon this subject.

In the fourteenth ground it is alleged that the court erred in charging the jury: "I charge you also that that conveyance would be void as to any subsequent purchaser from that person who had notice that that conveyance was for the purpose of paying, directly or indirectly, any debt of the husband. If, however, that conveyance was made to pass out of her all right, title, and interest that she had, disclaiming title, and not for the purpose of paying the debts of her husband, and that in pursuance of that conveyance the person purchasing in this case finally acquired title through some other purchaser, without notice on his part of this sale being for the purpose of securing the debt of the husband and without notice of any right or title or interest that she might have in this property, either legal or equitable, then I charge you that the defendant in this case would acquire title to that property, and it would be your duty under those circumstances to find in favor of the defendant." It is alleged that this charge "stressed the point of notice and instructed the jury if the defendant acquired title through some other purchaser without notice that the sale was made by the plaintiff in payment of her husband's debt, the purchaser would get a good title. Movant says the court erred in failing to tell the jury in this same connection that the possession of the property by the claimant in person or by tenant would be notice to any person purchasing the property from any other person of every right, either legal or equitable, that the plaintiff had in the property. Movant says that the failure of the court to give this instruction in connection with the instructions that he did give was calculated to mislead the jury, and she contends it did mislead the jury to believe that the notice referred to by the court had to be actual notice, when in fact the plaintiff's actual possession was and is all the notice the law contemplates as being sufficient." In view of the instruction of the court as to the notice given by possession in another portion of his charge, we can not say that in the absence of an appropriate request for instructions the charge given misled

the jury or required the grant of a new trial. It is also alleged in this ground: "Furthermore, and in quick succession [to the instruction already quoted] the court charged the jury as follows: 'If you do not find that he is a bona fide claimant of this tract of land in question, he would not be entitled to offset improvements against mesne profits or as against the tract of land itself, but you must find that he is a bona fide claimant of that tract of land.'" It is assigned as error that this was an expression of opinion, and that the instruction is such grave error that it demands the grant of a new trial. We can not say that this is such an expression of opinion upon the evidence as is prohibited by the terms of section 4863 of the Civil Code, and which demands the grant of a new trial. Whether the language used amounted to an expression of opinion depends altogether upon the accentuation of the words at the time they were used, and, as this court has frequently remarked, the tone of voice in giving a charge can not be transmitted in the written record which comes to this court. However, this language is not approved, and in another trial of the case should be qualified so that it can not by any means be construed as an expression by the court that the jury are obliged to find from the evidence that the person is a bona fide claimant.

The fifteenth ground is based upon the general statement that the brief of evidence contains no evidence as to certain matters referred to, and the conclusion and argument of counsel for the plaintiff as to the existence and effect which must be presumed to have prejudiced the case of the plaintiff in error. The statement that the evidence of a parol gift to J. P. R. Sikes, as contained in the testimony of the witness J. E. Norman, consisted of the statement of J. P. R. Sikes only, does not conform to the record of the testimony, and for that reason we are unable to determine the merits of the complaint sought to be asserted.

For the reason that the case must be sent back for another trial in accordance with the principles announced in 164 *Ga.* 96, as well as in this opinion, we do not deal with the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*