13093

PALACHUCOLA CLUB v. WITHINGTON

(157 S. E., 621)

October, 1929.

*Mr. Hugh O. Hanna,* for appellant,

*Messrs. W. D. Conner* and *Charles E. Perry, Jr.,* for appellants,

March 16, 1931.

The opinion of the Court was delivered by Mr. Justice Bonham.

Plaintiff, appellant here, brought its action in the nature of trespass to try title to a tract of land in Hampton County, S. C. The original parties to the suit were the plaintiff and H. G. Box. Since the trial of the case on circuit, Box has died intestate, and his heirs at law and the personal representative of his estate have been substituted as parties defendant in his stead.

The controversy arises over the title to, and the right of possession of a tract of land in Hampton County, S. C. It is alleged that Box cut trees on the land. A temporary restraining order was granted. The plaintiff and H. G. Box each claimed under paper title from the same grantor, viz.: M. R. Davis; and each claimed by adverse possession under color of title. At the trial on circuit, plaintiff showed title from M. R. Davis to J. K. Garnett by deed of date June 11, 1897, and from J. K. Garnett to plaintiff by deed dated July 14, 1897. Defendant, Box, offered in evidence the deed of M. R. Davis to himself, dated April 22, 1892. He also offered to prove by his parol testimony that he leased to J. K. Garnett the hunting privileges on this land on condition that Garnett pay the taxes on the land. There is no contention that this agreement was in writing; it is admitted that it was not in writing. His Honor, the presiding Judge, ruled that the testimony was inadmissible as in violation of the

provisions of Section 708 of the Code relating to communications and transactions with persons deceased. The case went to the jury, who found for the plaintiff. Thereafter defendant moved for new trial, which was granted on the sole ground that his Honor erred in excluding the testimony of the defendant, Box, in relation to his alleged parol agreement with Garnett to the effect that Box had leased the hunting privileges on this land to Garnett on condition that Garnett pay the taxes. Pending the preparation of the appeal from this order granting new trial, Box died; whereupon plaintiff moved before Judge Sease for an order rescinding the order for new trial, on the ground that, Box having died, and there being no record of his evidence in the particular in dispute, it would be a wholly nugatory thing to have a new trial on the ground assigned, since, Box being dead, no one could give the testimony he offered to give; that it would be an academic question, moreover, because testimony to the same effect had been given by others. The motion was refused.

The whole matter is relegated to this question: Was the presiding Judge correct when he excluded the testimony of Box in relation to the alleged parol agreement between him and Garnett for the lease of the hunting privileges on the land on condition that Garnett pay the taxes? If he was correct, then the subsequent order granting a new trial was error.

Let us review the facts. Box had a deed dated April 22, 1892, from M. R. Davis, which deed was immediately recorded. But, simultaneously with the execution of the deed, Box gave to Davis a receipt by which he acknowledged that he had received the deed from Davis, for which he was to pay in sixty days, and, failing to do so, he was to return the deed. It is a legitimate inference, indeed, it is an inevitable inference, that the parties to this transaction were laymen, unversed in legal matters, who thought that all that was necessary to rescind this transaction, if Box did not pay for the

land in sixty days, was to have Box return the deed to Davis. It is plain that Box did not pay; thereupon Davis recorded the agreement to return the deed. The deed from Davis to Box was never transferred on the auditor's books. Box never paid a dollar of taxes on the land. The evidence is unsatisfactory that he was ever in possession of the land. Evidently, assuming that the transaction with Box was at an end, Davis conveyed the land to Garnett in June, 1897. This deed was recorded in the clerk's office and transferred on the auditor's books. Garnett in July, 1897, conveyed to plaintiff; this deed was recorded in clerk's office and transfer made on the auditor's books. Box was charged with notice of these deeds, but he stood by, saw plaintiff in possession, paying the taxes and made no claim till Garnett is dead. The plaintiff has paid the taxes on the land and been in possession for more than thirty years.

Was the Circuit Judge correct in his ruling on the trial, that the parol testimony which Box offered was incompetent because it is obnoxious to the provisions of Section 708, Code of Civil Procedure, 1922?

The pertinent provisions of that section are these: "That no party to the action or proceeding, nor any person who has a legal or equitable interest which may be affected by the event of the action or proceeding, nor any person who, previous to such examination, has had such an interest, however the same may have been transferred to, or come to the party to the action or proceeding, nor any assignor of anything in controversy in the action, shall be examined in regard to any transaction or communication between such witness and a person at the time of such examination, deceased, insane, or lunatic, as a witness against a party then prosecuting or defending the action as executor, administrator, heir at law, next of kin, assignee, legatee, devisee or survivor of such deceased person, * * * when such examination or any judgment or determination in such action or proceeding, can in any manner affect the interest of such

witness or the interest previously owned or represented by him. * * *"

Plaintiff's attorneys challenged the testimony of Box as to his agreement with Garnett on the ground that plaintiff was the grantee, not the assignee, of Garnett.

Counsel state that no case can be found in the reports of the Courts of this state which is in exact accord with the precise question here involved. It may be so; but there are numerous cases which expound Section 708 (formerly Section 400), and illustrate its purpose and meaning. Perhaps that of *Norris v. Clinkscales,* 47 S. C., 488, 25 S. E., 797, more fully discusses it than others.

The apt case of *Hendrick v. Daniel,* 119 Ga., 358, 46 S. E., 438, 439, discusses a statute similar to ours with clearness, and sustains the proposition that the term "grantee" as used in application to a conveyance of real estate, falls within the spirit and letter of Section 708, when it uses the term "assignee." In short that one who is excluded from testifying to communications or transactions with an "assignee" of the deceased is likewise debarred from testifying to communications or transactions with the "grantee" of one deceased.

In the opinion of this Court, this holding is sustained by the letter, as well as by the spirit of the Section 708. One needs but to read that statute to see its controlling application.

■ From another point of view we think the testimony offered by Box of his transaction with Garnett was inadmissible.

It attempted to set up a transaction relating to real estate, the terms of which transaction were not in writing. It was obnoxious to the Statute of Frauds (Civ. Code 1922, § 5516), regulating such matters.

His Honor, the Circuit Judge, was correct, when, on the trial of the case, he excluded the testimony of Box relating to his alleged transaction with Garnett, and was in error when he granted the motion for new trial. This conclusion

makes it unnecessary to consider the appeal from the order refusing to rescind the order for new trial. That matter is now academic.

The order granting such new trial is reversed; the temporary restraining order is made perpetual. Let judgment be entered on the verdict rendered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.