## SIKES *v.* SECKINGER.

No. 8386.   October 17, 1931.

*W. T. Burkhalter,* for plaintiff.

*C. L. Cowart* and *J. T. Grice,* for defendant.

Hines, J.   This is the third appearance of this case in this court. *Sikes* v. *Seckinger,* 164 *Ga.* 96 (137 S. E. 833); 170 *Ga.* 1 (152 S. E. 65).   The issues of fact involved in this case, up to the last trial, fully appear from the reports of this case when it was here on the two former occasions.   On the last trial these further facts appeared:   On February 13, 1907, Mrs. Sikes obtained a loan from the John Hancock Life Insurance Company, and secured the same by deed to land embracing the land in dispute.   On October 1, 1912, the insurance company transferred this debt to H. L. Lankford; and by quitclaim deed conveyed to him, subject to the rights of Mrs. Sikes, the land embraced in the security deed.   Mrs. Sikes defaulted in the payment of this debt; and it was reduced to judgment for approximately $1,700.   The execution which issued on this judgment was transferred by Lankford to Mike Edwards, who held it on the date he bought this land at sheriff's sale. On January 2, 1917, Lankford conveyed to Mike Edwards by quitclaim deed the land embraced in the security deed of Mrs. Sikes to the insurance company, subject to the right of Mrs. Sikes to have the property reconveyed to her upon the payment of the loan secured.   The execution which issued upon the above judgment was transferred by Lankford to Edwards on January 6, 1917, Edwards paying to Lankford the full amount of the judgment.   On the same day Mrs. Sikes by quitclaim deed conveyed to Edwards the premises in dispute.   On June 20, 1917, Edwards conveyed to

L. G. Sikes the land in dispute. This deed was recorded the next day. On the same day the execution against Mrs. Sikes was paid in full, and was entered of record as satisfied. The jury returned a verdict in favor of the defendant. Mrs. Sikes moved for a new trial upon the general grounds, and upon certain special grounds to which reference will now be made.

■ In the first special ground the plaintiff alleges that the court erred in refusing to give to the jury certain instructions which she requested in writing in due time. These requests were presented en bloc. Some of these requested instructions were incorrect statements of law. Others were not adjusted to the evidence. Some of them were fully covered by instructions given by the judge to the jury. The exception is that the court refused to charge the jury as requested. There is no exception to a refusal to give to the jury any particular principle embraced in the request. The exception is to the refusal of the request as a whole. When a number of propositions are requested en bloc, and one or more are incorrect, the judge may refuse the entire request. *Grace* v. *McKinney,* 112 *Ga.* 425 (37 S. E. 737); *Thompson* v. *O'Connor,* 115 *Ga.* 120 (5) (41 S. E. 242); *Burkhalter* v. *Wilson,* 168 *Ga.* 566, 568 (148 S. E. 399).

■ In the second special ground the plaintiff insists that the court should have given the several instructions embraced in her general request, as it took these several principles of law to present to the jury, with reasonable fullness and clearness, her material and substantial contentions embraced in her pleadings and her evidence. This exception is not well taken, for the reason assigned in the first division of this opinion. Furthermore, the exception is too general to present any question for decision by this court.

■ In the third special ground the plaintiff contends that her evidence in the last trial on the controlling points was substantially the same as in each of the other trials of her case; that the law as laid down by this court should have been respected and adhered to in the last trial; that had this been done, a verdict should have been returned in her favor; and that the failure of the jury so to find was contrary to law. This ground is without merit. In the first place, the evidence on the last trial for both plaintiff and defendant was not substantially the same as it was in the preceding trials. Besides, there were issues of fact, which, if found in favor

of either party, would demand a verdict in favor of that party.

■ In the fourth ground the plaintiff contends that the court erred in unduly stressing the contentions of the defendant in the charge to the jury, and in failing to instruct them that the contentions of the parties should not control or influence their verdict unless supported by evidence or admissions. This assignment of error is without merit.

■ In the fifth ground the plaintiff insists that the court erred in charging the jury as follows: "I charge you, however, that even though Mrs. Sikes made the quitclaim deed to Mike Edwards, as she contends, for the purpose of paying her husband's debts, and even though this purpose was known to Edwards, this would not prevent the defendant, Seckinger, from acquiring a good title against her, provided he bought the property in good faith and without notice of the purpose she executed the deed to Edwards; and if you find from the evidence that he bought the property with notice of the purpose for which she contends the deed was made, he would acquire no title; but if he bought the property in good faith and without notice, he did acquire a good title as against her." Plaintiff assigns error upon this instruction, on the ground that it eliminated from the consideration of the jury her contention that she remained in possession of the property from the date of the gift thereof to her on July 8, 1896, and until the defendant got possession thereof from Miss Jenkins, who movant contends was her tenant, and who then attorned to the defendant. This assignment of error is not sound. The instruction in no way eliminated the contention of the plaintiff. The judge submitted to the jury the issue whether the plaintiff was in possession of the land in dispute, by her tenant, at the time her husband conveyed to the defendant; and instructed the jury that if they found this issue in favor of the plaintiff, the defendant would be chargeable with notice of her right or equity in the land purchased. The jury were especially instructed that possession of the premises by a tenant of the wife would be notice to the defendant of any right or equity which she had therein.

■ In the next ground the plaintiff insists that the charge of the court, both before and after the above-quoted instruction, substantially repeated the same error. This assignment is too general to present any question for decision by this court.

■ In the last ground the plaintiff contends that the judge erred in refusing to permit her to testify that she never authorized her husband in his own right to rent the land in dispute to one Hutcheson. The defendant objected upon the ground that this brought in a transaction between the plaintiff and her husband. It appears from the evidence that at the time of the trial the husband of the plaintiff was dead, and that the defendant claimed title to the land in dispute under an immediate conveyance from the husband to him. This suit was defended by Seckinger, who was an assignee of the deceased husband. This rendered the wife, who was the opposite party, incompetent to testify in her own favor against the defendant as to transactions with her deceased husband. Civil Code (1910), § 5858, par. 1; *Chamblee* v. *Pirkle,* 101 *Ga.* 790 (29 S. E. 20); *Dowdy* v. *Watson,* 115 *Ga.* 42 (41 S. E. 266); *Hill* v. *Merritt,* 146 *Ga.* 307 (91 S. E. 204). A grantee in a deed from a deceased person is, within the meaning of this provision, an assignee or transferee of such deceased person. *Donald* v. *Groves,* 160 *Ga.* 163 (126 S. E. 583).

■ On March 13, 1900, Mrs. Victoria E. Sikes conveyed by deed to her son, J. P. R. Sikes, the husband of the plaintiff, the land in dispute. On August 30, 1900, Mrs. Victoria E. Sikes, in consideration of $5, conveyed by deed this property to the plaintiff. This consideration was actually paid by the plaintiff. The above conveyance of this property to the plaintiff was made with the approval of her husband; and he witnessed the deed from his mother to his wife. Plaintiff in 1907 borrowed from the John Hancock Life Insurance Company $1,250, and secured its payment by a deed to this land. In 1912 executions against her husband were levied upon this land. She interposed a claim to it. On the trial she withdrew her claim. This land was then sold by the sheriff as her husband's property, under said executions, to Mike Edwards. On January 6, 1917, the plaintiff conveyed this land to Edwards by quitclaim deed. She testified that she made this quitclaim deed to Edwards for the purpose of enabling him to pay the debts of her husband. Edwards then made a deed to Lucius Sikes, a brother of the plaintiff's husband, and Lucius Sikes afterwards in writing transferred all his right and title to this land to the husband of the plaintiff. The husband of the plaintiff, on October 23, 1923, conveyed the premises to the defendant. At the

time of this conveyance the paper title was in the husband. This appeared of record. So under the recorded paper title the defendant acquired a good title to this land, unless he had notice of plaintiff's claim of title or equity, growing out of facts not disclosed by the paper title of record. There is no evidence tending to show that the defendant had personal knowledge or notice of any claim of title by the plaintiff to this land, or of any equity of the plaintiff therein. The plaintiff claims, however, that at the time her husband conveyed this land to the defendant she was in possession thereof through her tenant or tenants; and that this was notice to the defendant of any right, title, or equity which she then had to the premises in dispute. On the contrary, the defendant testified that he had no notice whatsoever of any claim, title, or equity of the plaintiff in and to this land. He introduced evidence tending to show that the tenants in possession of this land at the time he acquired title thereto were those of the husband, and not those of the wife. If the tenants in possession of this land at the time the defendant acquired title thereto were not the tenants of the plaintiff, but the tenants of her husband, the defendant had no notice whatever of any claim, title, or equity of the wife in and to this land. This issue of fact was determined by the jury in favor of the defendant. This finding is supported by the evidence. With this issue determined against the plaintiff, and the finding of the jury being supported by evidence, the plaintiff failed to establish in herself any claim, title, or equity in this land, superior to that of the defendant. This being the third trial of this case, we do not feel authorized to disturb the verdict.

*Judgment affirmed. All the Justices concur.*