LOWE *v.* THE STATE.

No. 11936. DECEMBER 1, 1937.

*J. A. Mitchell,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, Ellis G. Arnall,* and *E. J. Clower,* contra.

ATKINSON, Presiding Justice. At the August, 1935, term of court an indictment was returned against James (alias Duke) Lowe for the murder of Rube Durham in June, 1935, by shooting with a gun. On March 20, 1937, the judge called a special term to convene on March 29, 1937, and appointed two attorneys of the local bar to represent the defendant, upon his statement that he was unable to employ counsel. The order provided: "If the said defendant . . arranges to employ counsel, . . then the . . attorneys are hereby relieved from representing him under this order." The case was called for trial at the special term, March 29, 1937. At that time an attorney of the local bar, employed on March 23 by relatives of the defendant, requested the court to consider him "as a member of the staff of counsel for defendant."

The attorneys appointed by the court thereupon asked to be relieved. The employed attorney objected to their retirement, stating that he was unprepared to try the case without them. A long colloquy occurred between the several attorneys and the court, all in the presence of jurors who would be called to try the case, in the course of which certain remarks were made by the judge, and by the attorneys, alleged to be prejudicial to the plea of insanity which the employed attorney expressed an intention to file. The employed attorney moved to continue the case to another term, at which could be drawn other jurors who had not heard the colloquy. The judge excused the attorneys appointed by the court, and the employed attorney filed a plea of insanity. The State announcing not ready to try the special plea, the judge adjourned the trial until April 12. At that time the defense attorney filed a motion to change the venue, on the ground that an impartial jury could not be obtained, on account of local prejudice against defendant; also a special plea of insanity at the time of the trial. The judge, after hearing evidence, refused a change of venue. The jury returned a verdict against the special plea of insanity. The attorney then renewed his motion to continue, which was overruled. The case then proceeded to trial. The jury found the defendant guilty, and he was sentenced to be executed. His motion for a new trial was overruled, and he excepted, assigning error on rulings stated above.

■ In *Wilson* v. *State,* 173 *Ga.* 275 (160 S. E. 319), it was held: "Where the defendant in a murder case moves for a change of venue, and his motion is overruled, his remedy to review that judgment is by direct bill of exceptions to the Court of Appeals. He can not except pendente lite to such judgment, and, after conviction, assign error thereon in a bill of exceptions brought to review a judgment overruling his motion for new trial and to set aside his conviction." Whether or not this ruling was a correct statement of the law applicable to a motion for change of venue not based on violence, as provided in the act of 1911 (Ga. L. 1911, p. 74; Code, § 27-1201; *Brannon* v. *State,* 147 *Ga.* 499, 94 S. E. 759), under the evidence in the instant case there was no error in denying the defendant's motion for a change of venue.

■ "Motions for continuances are addressed to the sound discretion of the trial court; and the ruling of the judge below upon the

question will not be disturbed, unless it appears that the refusal to grant the continuance was an abuse of his discretion." *Lyles* v. *State,* 130 *Ga.* 294 (60 S. E. 578) ; *Hilton* v. *Haynes,* 147 *Ga.* 725 (2) (95 S. E. 220) ; *Curry* v. *State,* 17 *Ga. App.* 377 (87 S. E. 685), and cit.

(*a*)   Remarks of the court and of attorneys appointed by the court to represent the defendant, made during a colloquy between the court and the attorneys in the presence of the prospective jurors preliminary to the trial, the colloquy having relation to whether appointed attorneys should be relieved and allowed to retire from the case over the objection of another attorney employed by relatives of the defendant, and who announced that he desired to file a special plea of insanity, were not of such character as to show an abuse of discretion in failing to sustain the motion of the employed attorney to continue the case until another term at which other jurors could be drawn who had not heard the remarks.

(*b*)   Whether the remarks were sufficient to require temporary postponement of the case until other jurors could be drawn (*Thompson* v. *O'Connor,* 115 *Ga.* 120 (2), 41 S. E. 242; *Perdue* v. *State,* 135 *Ga.* 277, 69 S. E. 184; *Campbell* v. *State,* 155 *Ga.* 127 (2), 116 S. E. 807; *Armstrong* v. *State,* 181 *Ga.* 538 (2), 183 S. E. 67), need not be decided, because that was not the motion made by the attorney.

■   The requests to charge the jury as set forth in grounds 8 and 9 did not state sound principles of law properly adjusted to the case, and there was no error in refusing them.   The request embodied in ground 8 was not an accurate statement of the principle ruled in *Hargroves* v. *State,* 179 *Ga.* 722 (3) (177 S. E. 561), cited by the attorney for plaintiff in error.

■   Assignments of error that are not expressly insisted upon or argued in the brief of the attorney for the plaintiff in error will be treated as abandoned.

■   The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed.   All the Justices concur.*