30951. BELL *v.* THE STATE.

DECIDED SEPTEMBER 27, 1945.

850

*Will Ed Smith,* for plaintiff in error.

*W. A. Woolen, solicitor,* contra.

MacIntyre, J. ▉ The defendant objected to part of the sheriff's testimony, as follows: "The following Monday, after I had had Louise arrested again, Louise told me that she thought

some of the officers searching her place on Saturday had taken about $100 in currency from her place of business while she was away from it under arrest," on the ground "that said evidence was immaterial, irrelevant, and highly prejudicial, that it brought into the case a charge by the defendant, a woman of color, that the white officers of the law had stolen money belonging to the defendant."

If, in fact, the defendant had the paper money in her possession at the time of the search, and a part of the money was the one-dollar bills given to a negro by the sheriff with which to buy whisky, this fact, while not decisive, would be a circumstance which the jury would be authorized to consider, together with the other circumstances, in making their verdict. The fact that, at the time the officers were searching for the three marked one-dollar bills in question, the defendant denied that she had any paper money (which, of course, was a denial that she had the three marked bills), and later she inadvertently or deliberately, when she thought the $100 in paper money was missing from her place of business, stated to the sheriff that she had such paper money at the time of the search and that it was now missing—this, if the jury believed from the whole evidence that she concealed the paper money in order to prevent the officers from discovering the marked bills, would have made the testimony relevant, and its weight and effect would be for determination by the jury. The jury would have been authorized to find that it confirmed the State's testimony, or, at least, weakened the defendant's case. *Keener* v. *State,* 18 *Ga.* 194, 226 (63 Am. D. 269). Under the rule that "every fact or circumstance serving to elucidate or throw light upon the issue being tried, constitutes proper evidence in the case" (*Sample* v. *Lipscomb,* 18 *Ga.* 687), and the further rule in *Gilmer* v. *Atlanta,* 77 *Ga.* 688 (1-a), that, "in cases of doubt as to the admissibility of evidence, the current of authority in this State is to admit it and leave its weight and effect to be determined by the jury," we do not think that the judge committed reversible error in allowing, over objection, the testimony urged.

■ The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*