**WALKER v. BEALL.**

**No. 463.**

Circuit Court, Santa Rosa County.

March 17, 1958.

A. L. Johnson, Milton, for plaintiff.

Forsyth Caro, Pensacola, for defendant.

WOODROW M. MELVIN, Circuit Judge.

The plaintiff, Cason Walker, has brought this proceeding alleging that he is the owner of an undivided one-fifth title interest in government lot 2, or NW-1/4 of section 28, township 2 south, range 28 west, in Santa Rosa County, and seeks a decree that the record title holder, Philip D. Beall, Jr. holds such share in trust for him. The plaintiff alleges that such interest is vested in him because, in 1922, he together with W. W. Harrison, R. A. McGeachy, I. W.

Souls and W. R. (Bill) Allen, each paying a one-fifth part of the purchase price, purchased from F. C. Cotton and wife the subject property, and that by mutual consent of such purchasers, title was received and taken only in the name of W. W. Harrison. It is further alleged that by mutual consent such title was thereafter conveyed by Harrison in January, 1927, to the State Bank of Milton, Milton, Florida, a banking corporation of which Harrison was president and Walker was cashier; thereafter, the bank conveyed to R. A. McGeachy his one-fifth share, and conveyed the remaining four-fifths title to Black Creek Land Corporation on October 2nd, 1940; thereafter, the Black Creek Land Corporation on April 15, 1943, by warranty deed in its behalf executed by W. W. Harrison, president, and W. R. Allen, secretary, conveyed such interest to Francis A. Harrison. Thereafter, Francis A. Harrison conveyed his four-fifths interest to the defendant, and the defendant also acquired by purchase the one-fifth interest previously conveyed to R. A. McGeachy.

W. W. Harrison, I. W. Souls, W. R. (Bill) Allen and R. A. McGeachy are dead. Francis A. Harrison also is dead.

Plaintiff seeks to establish the alleged trust relationship between W. W. Harrison and plaintiff as to such one-fifth interest by giving testimony as to the alleged transactions and communications between the plaintiff, W. W. Harrison, I. W. Souls, R. A. McGeachy and W. R. Allen. The defendant has challenged such testimony as being inadmissible by reason of the provisions of section 90.05, Florida Statutes 1957, wherein it is provided, in substance, that in a suit against certain designated groups, including an *assignee* of a deceased person, the plaintiff *may not* be examined as a witness in regard to any transaction or communication between such witness and such deceased person, unless the provisions of the statute are waived by the defendant.

Where the silencing hand of death has closed the mouths of all but one partner to an alleged transaction, the statute prescribes to the living partner perpetual silence as against the representative of the dead, his assignee, or others claiming under him. See Harris v. Bank of Jacksonville, 1 So. 140, text 143. The term, "assignee" relates to and includes the assignee of a real estate lease (Hiller v. Walter Ray & Co. 52 So. 623, text 626) and also includes a *grantee* of the deceased (Mattoon v. Young, 45 N. Y. 692, 699; Palachucola Club v. Withington (S.C.), 157 S.E. 621; William James Sons Co. v. Hutchinson (W. Va.), 80 S.E. 768, 770; Sikes v. Seckinger (Ga.), 160 S.E. 911; and Bailey v. Holden (Mich.), 71 N.W. 841).

It is evident, therefore, that the application of the above statute enjoins plaintiff Walker from being heard concerning any alleged communication or transaction he may have had with any of his four partners, now deceased, concerning the subject matter of this suit. The plaintiff is without other evidence to carry the burden of proof.

The defendant has also in his answer presented as an affirmative defense (Rule 1.8(d), Florida Rules of Civil Procedure) the issue of estoppel.

It is established (defendant's exhibit 3) that the plaintiff, in his official capacity as cashier of the State Bank of Milton, joined W. W. Harrison in his official capacity as president of the State Bank of Milton, in executing for the bank its deed of conveyance of the subject property. This deed is a link in the chain of title under which the defendant Beall claims. The Supreme Court of Florida, in Daniell v. Sherrill, 48 So. 2d 736, text 739-40, discussed at length the question of estoppel by deed and pointed out, among other principles relating to that subject, that a grantor will not be heard "for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title or that none passed by the deed, *nor can he deny to the deed its full operation and effect as a conveyance*". ·

After considering all the admissible evidence offered by the parties, and argument of their counsel, it is ordered, adjudged and decreed that the complaint in this cause is dismissed at plaintiff's cost.