41280. COLONIAL PIPELINE COMPANY v. WESTLAKE CLUB, INC.

FRANKUM, Judge. 1. Where, upon the call of a case and before a jury has been struck, counsel for one of the parties makes prejudicial remarks in the presence of the panel of jurors from which a jury is thereafter selected to try the case, such conduct is not cause for a continuance, but, at most, grounds for postponement of the trial until other panels of jurors can be drawn from which to select a jury. *Thompson v. O'Con-*

*nor*, 115 Ga. 120 (1) (41 SE 242); *Lowe v. State*, 185 Ga. 113, 115 (2b) (194 SE 527); *Bowling v. Hathcock*, 27 Ga. App. 67 (1) (107 SE 384); *Fievet v. Curl*, 96 Ga. App. 535 (1) (101 SE2d 181). While the words "continuance" and "postponement" may be virtually synonymous, a motion for a continuance generally implies a request that the case go over to another term, while the use of the word postponement implies a request that the case be adjourned to a later time during the same term. Black's Law Dictionary, p. 1330. A motion for a continuance is addressed to the sound discretion of the trial court, and a ruling upon such a motion will not be disturbed by the appellate court unless it appears that the refusal to grant it was an abuse of the court's discretion. *Lowe v. State*, 185 Ga. 113 (2), supra. No abuse of discretion is shown where it does not appear that movant invoked the explicit remedy to which he was entitled, to wit, a postponement of the trial to another day in the same term or until other panels could be drawn from which to select a jury. The overruling of special ground 1 of the motion complaining of the denial of "a motion for continuance made by counsel for condemnor after the call of the case and the announcement by counsel for the condemnee 'Ready for the Victim' " was, therefore, not error.

2. It is contended in special ground 2 that the court erred in stating to the court reporter in the presence of the prospective jurors that "Mr. Mundy wants it in the record that Mr. Harold Murphy said 'Ready for the Victim' and I stated that counsel was smiling when he said it, and I smiled." This ground fails to show that counsel invoked any ruling of the court or made any further motion with respect to this matter after the court had complied with his request and, for this reason, presents nothing for a decision.

3. A change of venue may be had in a civil case upon a showing to the presiding judge that an impartial jury cannot be obtained in the county where the case is pending. *Code* § 3-207. It has been held, however, that "influence which citizens of a county who are parties to the suit possess, is no reason for a change of venue," and is insufficient to show that an impartial jury cannot be obtained. *Phipps v. Mansfield*, 62 Ga. 209 (5). Therefore, the trial court did not err in overruling the oral motion for a change of venue made by counsel for the condemnor on the ground that it was impossible to select

an impartial and unbiased jury because the defendant corporation was composed of 15 or more members who were extremely influential in the county, nor did the further showing or contention made by the movant that it was entitled to a change of venue because it had been unable to obtain local counsel require the court to grant the motion in this case.

4. The property being condemned in this case was a strip of land running across the south side of a large tract owned by the defendant corporation, a private club. The evidence showed that this club was owned by some 12 or 15 members who had acquired membership therein by purchasing shares of stock in the corporation under agreements which gave each of them the right to hold, possess and use a designated lot located within the larger tract and abutting on a 50-acre lake maintained by the corporation on the tract and to use the lake for sport and recreation in common with the other members. The exact legal relationship between the corporation and the stockholder-members, and the exact nature of the agreement by which the stockholders-members held their various lots does not appear. One of the witnesses for the condemnee who was a stockholder-member of the condemnee-corporation testified that he had made certain improvements on his lot by erecting thereon a cottage; that some, if not all, of the other members had done likewise, and that while he was entitled under the agreement with the corporation to the exclusive possession and control of his lot and the improvements so long as he remained a member of the corporation, and that he could sell his membership, interest in the lot, and improvements to another person provided the other members of the club approved, he doubted that he would have the right to remove the improvements from the lot after they had been placed thereon. Under these facts it was not clear exactly what interest the corporation had in the lots held by the various members thereof and in the improvements thereon, but it was apparent that the corporation retained some interest in the lots which it held at the time of the condemnation, as well as title to the overall tract of land and the lake located thereon. The principal element of consequential damages claimed was alleged to have resulted from the silting of the lake because of excessive erosion resulting from the clearing of the right of way condemned (which was used by the condemnor for an underground pipeline), which,

in turn, resulted in a diminution in the attractiveness and usefulness of the lake for recreation and sport, and a consequent diminution in the value of the overall tract, including the lots held by the members, for the purposes for which it was then being held and used by the members. Under these circumstances it was not error for the court to permit witnesses for the condemnee to testify as to the diminution in the value of the entire tract of land remaining, including the various lots and the improvements erected thereon. This evidence was, at least, of doubtful relevancy to the issues in the case, and the rule in this State where the admissibility of evidence is doubtful is to admit it and leave its weight and credit for the jury's consideration. *Brown v. Wilson,* 55 Ga. App. 262 (1) (189 SE 860); *Bell v. State,* 72 Ga. App. 848, 851 (35 SE2d 383); *Atlas Auto Financing Co. v. Atkins,* 79 Ga. App. 91, 98 (9) (53 SE2d 171); *Heard v. State,* 79 Ga. App. 601 (2) (54 SE2d 495). This ground shows that the judge, in ruling on the admissibility of similar testimony during the examination of another witness, stated that he might instruct the jury that he was admitting such testimony for the purpose of illustrating, if it did illustrate, the market value of the property taken and the consequential damages to the remaining portion of the tract of land not so taken. While it is not clear that this statement was made to the jury, it is manifest from the ground that it was made in the presence of the jury and presumably was heard by the jury. In his charge the judge told the jury that they were "not concerned with property belonging to anyone other than the condemnee, that is, the Westlake Club, Incorporated." No complaint is made in this ground or elsewhere that the court, having admitted this evidence for a limited purpose, failed to instruct the jury so as to limit their consideration thereof to the purposes intended.

5. Special grounds 5, 6, and 7 attempt to assign error on the admission of certain evidence set forth therein. None of these grounds affirmatively shows that any specific objection was urged before the court at the time the evidence was offered, it being alleged in each ground merely that the evidence was admitted over objection. It is firmly established in this State that a ground of a motion for a new trial complaining of the admission of evidence, in order to be considered, must set forth therein the ground of objection

urged before the court at the time the evidence was offered, and that it is insufficient merely to allege in the ground itself that the evidence was inadmissible for specified reasons. *Bourquin v. Bourquin,* 110 Ga. 440 (1) (35 SE 710); *Central of Ga. R. Co. v. James,* 143 Ga. 753 (2) (85 SE 920); *Atlanta Life Ins. Co. v. Jackson,* 34 Ga. App. 555 (2) (130 SE 378); *Kuusisto v. Wilkins,* 56 Ga. App. 405 (1) (192 SE 639); *Kimball v. State,* 63 Ga. App. 183, 185 (1) (10 SE2d 240). These grounds, therefore, cannot be considered.

6. Grounds 8 and 9 of the motion which complained of the excessiveness of the verdict will be considered with the general grounds. The verdict was for $30,000. A witness for the condemnee, who qualified as an experienced real estate appraiser in Haralson County, testified that he placed the value on the whole property before the condemnation proceedings at $162,500, and that he valued the whole property after the condemnation at $114,000, making a difference of $48,500. This testimony shows that he arrived at this figure by placing a valuation of $7,500 on the property taken and consequential damages to the remaining property exclusive of eight houses erected on lots leased to club members of $25,000, and, in his opinion, the diminution in the value of the eight houses was approximately $2,000 each, or a total diminution of $16,000 in the value of the houses on account of the condemnation. It is thus apparent that the jury would have been authorized under this testimony to return a verdict for the condemnee, disregarding the diminution in the value of the houses, for $32,500, and since the verdict was for only $30,000, we cannot say that it was excessive or unauthorized. The verdict has the approval of the trial judge, and the general grounds of the motion are without merit.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

ARGUED MAY 5, 1965—DECIDED SEPTEMBER 8, 1965—
REHEARING DENIED OCTOBER 5, 1965.

*Mundy & Gammage, William W. Mundy,* for plaintiff in error.
*Howe & Murphy, Harold L. Murphy,* contra.