22195

Ex parte Walter BEDINGFIELD, Respondent. In re ECHO ENTERPRISES, INC., Appellant, v. R. R. McLARTY and McLarty Industries, Inc., and W. D. Davis Hosiery Sales, Inc., Defendants.

(324 S. E. (2d) 312)

Supreme Court

C. *LaVaun Fox,* of *Fox, Zier, Burkhalter and Hatcher,* Aiken, *for respondent.*

*Gary D. Brown,* Ridgeland; and *James B. Richardson, Jr.,* Columbia, *for appellant.*

Heard Oct. 30, 1984.

Decided Dec. 5, 1984.

GREGORY, Justice:

This is an action to enjoin in a sheriff's sale. The trial court enjoined the sale and appellant Echo Enterprises appeals. We affirm.

Echo became a judgment creditor of R. R. McLarty in 1978. After the judgment was entered McLarty acquired hunting and fishing rights as a joint lessee to a 9,306.7 acre tract of land. Prior to the attempted levy, McLarty assigned his rights in the lease to respondent Bedingfield for $40,000.00. The Jasper County Sheriff advertised a public sale of these rights pursuant to the levy by Echo.

Bedingfield brought this action to enjoin the sale claiming that he had purchased the rights prior to the attempted levy. Echo claimed that a levy was unnecessary because the hunting and fishing rights constitute real estate under S. C. Code Ann. § 15-35-810 (1976); therefore, the judgment lien was perfected automatically.

The trial judge held that the rights were not subject to the automatic lien of Section 15-35-810; therefore, the levy was ineffective since Bedingfield purchased the rights prior to the levy.

The sole issue presented to this Court is whether hunting and fishing rights constitute realty or personalty for the purpose of perfecting a judgment lien.

Hunting and fishing rights constitute a *profit a prendre,* giving the holder the right to take the product of the land of another. As such, there is some authority that these are estates in land. *See generally,* 49 A. L. R. (2d) 1395.

As a *profit a prendre,* hunting and fishing rights are a species of incorporeal property. Generally, such an intangible interest requires a levy in order for a judgment to attach. 46 Am. Jur. (2d), *Judgments,* § 252.

Though this Court has held that contracts regarding hunting and fishing rights are within the Statute of Frauds as contracts relating to land, *Palachucola Club v. Withington,* 159 S. C. 446, 157 S. E. 621 (1931), the intangible nature of hunting and fishing rights require that they be deemed personal property for the purpose of Section 15-35-810. We so hold.

Therefore, the decision of the lower court is affirmed.

Affirmed.

NESS, HARWELL and CHANDLER, JJ., and ALEXANDER M. SANDERS, JR., as Acting Associate Justice, concur.