Reese *vs.* State of Georgia.

---

No. 61.—Elisha Reese, plaintiff in error, *vs.* The State of Georgia, defendant.

[1.] Where a defendant who is indicted for a murder, made a motion to continue his cause, on the ground of the absence of two material witnesses, who had been subpœnaed, it is no error for the Court to postpone the trial, and to compel the attendance of the witnesses by the process of the Court, to be sworn in behalf of the defendant on his trial.   If the defendant has the benefit of the testimony of the absent witnesses, on his trial, it is all that he can reasonably require, and a continuance for that cause would be unnecessary.

[2.] Where a defendant, who was indicted for murder, moved the Court to continue his cause, on the ground that there was great excitement, and prejudice against him in the public mind of the County, so that he could not have a fair trial; and to support his own affidavit, as to the public excitement in the County, introduced two witnesses, who contradicted the defendant's statement as to such public excitement: *Held,* that it was no error in the Court to refuse a continuance upon that ground, from the evidence furnished by the defendant himself.

[3.] On the trial of a defendant indicted for murder, it is competent to give in evidence all that was done by the defendant, at *the time of the killing,* and which constitutes *a part of the entire transaction.*

Indictment for Murder, in Bibb Superior Court.   Before Judge Floyd, July Term, 1849.

On the *ninth* day of July, 1849, Elisha Reese was placed on his trial, for the murder of Ellen Pratt, alleged to have been

committed on the 16th May, 1849. The defendant moved for a continuance,

1st. For the absence of two witnesses, regularly subpœnaed, residing in Cass County, material to prove defendant's good character.

2d. Because he could not safely go to trial, on account of the public excitement against him, from the transaction being recent, and of an unusual character, giving rise to exaggerated reports, tending to inflame the public mind; and sufficient time not having elapsed to allay such excitement, and to correct the strong prejudices produced by it.

The Court refused the continuance, but granted an attachment against the witnesses, and defendant excepted.

On the 13th day of July, during the same term of the Court, the witnesses for defendant being in Court, the defendant again moved to continue the cause on the 2nd ground stated in the first motion. The Judge certified that there was no evidence to sustain this motion, the witnesses introduced by the defendant swearing that the excitement had subsided after the first day. The motion was overruled and defendant excepted.

It appeared from the evidence that the prisoner, on the day of the homicide, went to the house of Mr. Gurganus, the father of deceased—an old man, 80 or 90 years of age—with whom deceased lived. Reese stopped at the gate, and asked Mrs. Pratt " what she told that lie for ?" She replied, she " had told none." He opened the gate, and the old man went out to meet him with conciliatory words. Reese knocked the father down with his gun, inflicting a severe wound; whereupon, Mrs. Pratt ran out to her father's relief, when Reese placed the gun within a few feet of her neck, and shot her dead.

Counsel for defendant moved the Court to reject the testimony, so far as it referred to the injury inflicted on Mr. Gurganus, because it was no part of the " *res gestæ,* " and was a distinct offence of itself, and was calculated to prejudice the Jury against the prisoner.

The Court overruled the motion, and defendant excepted.

On these several exceptions, error was assigned.

Anderson, for plaintiff in error, cited—

1 *Kelly*, 215, 621. *Roscoe's Cr. Ev.* 81, '2. 1 *Phil. Ev.* 178. 2 *Russ.* 772.

Sol. General McCune, represented by Cobb, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

There are two grounds of error assigned upon the record, to the decision of the Court below :

1st. That the Court refused a continuance to the defendant, of his cause, upon the showing made by him.

2d. Because the Court admitted testimony, as to the injury done to the father of the deceased, by the defendant, at the time of the alleged homicide.

[1.] It appears from the record, that the defendant made a motion for the continuance of his cause, on the ground of the absence of two material witnesses, who had been subpœnaed, and were not in attendance, residing in a distant County. The Court postponed the trial, and ordered process to issue to compel the attendance of the witnesses, for the benefit of the defendant. The witnesses were brought into Court, and were sworn on the trial, in behalf of the defendant. The trial *was postponed*, and the defendant had the benefit of the compulsory process of the Court, to compel the attendance of his absent witnesses, and had the benefit of their testimony in his behalf, on his trial. The cause was *continued* by the Court, so as to enable the defendant to have the benefit of the testimony of his absent witnesses ; and that was all which he could reasonably require, under the law.

[2.] When the absent witnesses were brought into Court, the defendant moved the Court to continue his cause, upon the ground that he could not go safely to trial, on account of the public excitement against him in the body of the County; that the alleged offence had been recently committed, and exaggerated reports had gone forth, tending to influence and increase such excitement; and that there had not sufficient time elapsed to allay such excitement, and to correct the strong prejudices produced by it against the defendant. Had the defendant rested his application for a continuance of his cause, alone upon his own affidavit, as to the excitement and prejudice in the public mind of the County, against him, we will not say that his cause ought not to have been

continued; but it appears that the defendant, in order to *support* his own affidavit, as to the excitement in the County, introduced two witnesses, both of whom *contradicted his statement*, as to there being any *public excitement* in the County, against him; so that the Court below, from the evidence before it, adduced *by the defendant*, properly overruled the motion for a continuance upon that ground.

[3.] The evidence relating to the homicide describes one *entire transaction*. The witnesses state what was done by the defendant, at the *time of the killing*. The defendant went to the house of Gurganus, the father of the deceased, with whom the deceased was living, and made use of insulting and abusive language to the deceased. Gurganus, the father, went out to the defendant at the gate, and said to him, "What are you coming here interrupting us for, we interrupt nobody?" So soon as this remark was made, *the defendant knocked Gurganus down with his gun;* whereupon the deceased, who was standing in the piazza, ran out to her father, when the defendant raised his gun and *shot her dead.*

The assault upon Gurganus, by the defendant, was a part of the transaction, and shows that he came to the house with an evil and *hostile* intention, against the inmates of that house; and there was no error by the Court below, in permitting the witnesses to state all that was done by the defendant, at *the time of the killing*, as being connected with, and a part of the entire transaction, either exculpatory or as evidence of his innate depravity and malicious intention. After a careful examination of this entire record, we can find no legal ground to disturb the judgment of the Court below.

Let the judgment of the Court below be affirmed.