ETHERIDGE, surviving partner, *vs.* HOBBS *et al.*

| 77 | 531 |
| 129 | 688 |

1. Where suit was brought on a note, and the defendants pleaded *non est factum*, and, on the trial, one of them testified several times that he did not authorize the person who signed the note to sign his name to any note made in Americus, or to any note whatever, there was no error in refusing to allow counsel to ask him, on cross-examination, questions for the purpose of showing that he authorized the person named to sign his name to notes in Americus prior to 1883, the object of the testimony not being apparent, and counsel not stating that he expected to prove such fact by the witness. If such a question was asked for the purpose of impeaching the witness, the foundation had already been sufficiently laid.

2. No error is made to appear in refusing to allow counsel for plaintiffs, on the cross-examination of one of the defendants, to ask him what was the amount of the note due the bank of Americus, it not being made to appear that such fact was relevant to the issue on trial.

3. Where a witness was sworn, and the parties had full opportunity to examine him at length, a new trial will not be granted on the ground of newly discovered evidence coming from such witness, especially where it is cumulative and impeaching in its character.

4. A request to charge should be perfect in itself, or the court may refuse it. Therefore where, on the trial of a civil case, the court

was requested to give in charge §3747 of the code in full, stating the amount of certainty required both in civil and criminal cases, there was no error in refusing to do so.

5. Where, on the trial of a civil case, the witnesses were sworn and put under the rule, but one of them who had been subpœnaed remained in the court-room and heard what transpired throughout the trial; and where, after the testimony had closed, the plaintiffs offered to prove by such witness facts which were contested by the defendants, there was no abuse of discretion in refusing to allow him to testify.

February 1, 1886.

Evidence. Practice in Superior Court. Charge of Court. Witness. Before Judge WILLIS. Taylor Superior Court. August Term, 1886.

Reported in the decision.

GOETCHIUS & CHAPPELL; Jos. F. POU, for plaintiff in error.

O. M. COLBERT; MILLER & BUTT, by brief; THOMAS W. GRIMES, for defendants.

BLANDFORD, Justice.

This was an action on a promissory note, brought by the plaintiffs in error against the defendants in error. The defendants, Bailey and Woodall, pleaded *non est factum*. A verdict was found in favor of the defendants, Bailey and Woodall, and thereupon the plaintiffs moved for a new trial, which being denied by the court, the plaintiffs bring the case here for review.

1. The first ground of the motion complains that the court erred in refusing to allow plaintiffs' counsel to prove by Abner Woodall, while under cross-examination, that he had authorized J. B. Hobbs to sign his name to notes in Americus prior to 1883. The record in this case shows that Woodall had testified several times that he never did authorize Hobbs to sign his name to any note in Americus,

and that he never did authorize Hobbs to sign his name to any note whatever. The object of this testimony is not apparent, inasmuch as counsel for the plaintiffs did not state to the court that he expected to prove the fact by Woodall; nor was the purpose stated for which he wished to ask the question; if it was for the purpose of impeaching him, then the foundation had already been sufficiently laid, inasmuch as Woodall had testified that he never did authorize Hobbs to sign his name to any note, and that he never authorized him to sign his name to a note in Americus, and that he (Woodall) signed his own name to all notes that he had signed for Hobbs. Therefore we think the court did right not to allow the question to be asked.

2. The next assignment of error is that the court erred in refusing to allow the plaintiffs' counsel, on cross-examination of Woodall, to ask him what was the amount of the note due the Bank of Americus. How this testimony was relevant, the record does not disclose. It is certainly immaterial what was the amount of the note due the Bank of Americus, unless it tended in some way to illustrate some issue in this case, which is not apparent. He who alleges error must show it, and error will not be presumed.

3. The next assignment of error is the newly discovered evidence of John A. Sheppard; and in connection with this ground of the motion, the affidavit of Sheppard is filed, in which Sheppard deposes that Bailey stated to him, when he was on the train, about March 25, 1884, he had authorized Hobbs to sign his (Bailey's) name to these notes sued on. Sheppard had been sworn as a witness in this case, and the parties had full opportunity to examine him at length; and it certainly would be going very far for the court to grant a new trial on the ground of newly discovered evidence from this witness, who had so testified in the case. Besides, the testimony is cumulative, and is impeaching in its character, and this court has frequently held that a new trial will not be granted for newly discovered evidence which is cumulative and tends to im-

peach witnesses that have been sworn on the trial of the case.

4. The next assignment of error is that the court erred in refusing to charge the jury, at the request of plaintiffs' counsel, section 3747 of the code of 1882, as follows: " Moral and reasonable certainty is all that can be expected in legal investigation. In all civil cases, the preponderance of testimony is considered sufficient to produce mental conviction. In criminal cases, a greater strength of mental conviction is held necessary to justify a verdict of guilty." The difficulty with this request is that it goes too far. It not only applies the rule in civil, but also in criminal, cases. We have frequently held that a request must be perfect in itself; and if not, the court should refuse the same. The assignment of error is as to the refusal to give the whole of this charge to the jury. It is very clear that a portion of the charge is not applicable to this case, and therefore the court committed no error in refusing to give the same.

5. The next assignment of error is that the court erred in refusing to admit the testimony of James E. Emerson, who was offered by the plaintiffs to prove that, in the spring of 1883, in the town of Butler, he was present when J. B. Hobbs asked R. C. Bailey to let him use his name to go on this Slade & Etheridge note, and that he first refused, and that they then went in and took a drink and came out, and Bailey told him he could go and sign it. This witness was offered after the case had been closed. He had been subpœnaed as a witness in the case. He was in court during the whole trial of the case ; all of the witnesses having been sequestered and put under the rule, this witness remained in court and heard the whole trial. We think that the court was clearly right to refuse to receive this witness and allow his testimony to be taken. We think the plaintiffs were guilty of *laches* in not having offered the witness at the proper time, and in not having had him put under the rule as the other witnesses were. And

then, again, it is discretionary with the court, when the testimony in the case has been closed, to allow any other witness to be examined. We have held that where the ends of justice require it, he shall allow it; but it does not appear in this case that the ends of justice did require that this witness should testify in this case. So we think there was no error in the ruling of the court on this point.

Much testimony was heard in the case for and against the plaintiffs in error; and we cannot say that the court abused its discretion in refusing to grant a new trial in this case.

Judgment affirmed.