## GEORGIA RAILROAD v. DANIEL.

1. There was sufficient evidence to authorize the finding by the jury in favor of the plaintiff.
2. This court will not pass upon the question of the admissibility of evidence where the ground in the motion for a new trial complaining of the admission of such evidence fails to show that the grounds for the exclusion of the evidence were urged before the trial judge when the evidence was offered.

SEPTEMBER 21, 1910.

Action for damages. Before Judge Hammond. Richmond superior court. July 21, 1909.

*Joseph B. & Bryan Cumming* and *James M. Hull,* for plaintiff in error. *C. H. & R. S. Cohen,* contra.

BECK, J. This was a suit brought by Nettie Daniel to recover the value of the life of her husband, Columbus W. Daniel, who was run over and killed by a train of the defendant railroad, which was being operated on the Augusta Belt Line Railway, then controlled and managed by the defendant. The plaintiff's husband was a yard conductor in the employ of the Charleston & Western Carolina Railway Co. The track of the Belt Line Railway where Daniel was killed was distant from the yard track of the Charleston & Western Carolina Railway Co. ten or eleven feet. The petition shows the following: At some time during the day on which he was killed it became Daniel's duty as yard conductor to make up his train and to do certain shifting in front of McCoy's brick yard, which is located on the southeastern boundary of the city of Augusta. In front of McCoy's brick yard there appears in succession as you go from the brick yard north, first, a spur-track, then a track of the Belt Line Railway, and then about six parallel tracks. The Belt Line track and the nearest of the parallel tracks "almost meet in a point in front of McCoy's brick yard, where the two tracks diverge." On the day of the homicide Columbus Daniel was engaged in directing the movement of a train of the Charleston & Western Carolina Railway from about McCoy's brick yard in the direction of the city of Augusta, and at a point where he was engaged in superintending the movement of the train the track upon which the train was being moved had such a curve that it was necessary for Daniel, in the discharge of his duty, to "take positions from which he could communicate with the engineer of the train which he was directing between and on the tracks of the

Charleston & Western Carolina Railway and the Belt Line tracks." While engaged in signaling his train from the position taken by him, and while facing his own train, with his back towards the Georgia Chemical Works, a train of the defendant railroad, consisting of an engine with a tender in front attached to two cars, going at a very rapid rate of speed, "negligently struck the said Columbus W. Daniel, the engine and two cars passing over his body," killing him. It is alleged that the defendant was negligent in running its train with the tender in front, thus preventing those on the engine from seeing whether any person was on the track; and in running the same at an unlawful rate of speed within the city limits, with no lookout on the tender or other precautions; and in failing to give warning to the deceased of the proximity of the train; and in that its engineer, or the fireman on its engine, failed to see the deceased on the track engaged in the performance of his duty of signaling trains, although the deceased could have been seen had the occupants of the engine been looking in the direction they were going, and exercising ordinary care. It was further alleged that the deceased was free from fault and not guilty of any negligence. Upon the trial of the case the jury returned a verdict for the plaintiff for the sum of $7,500. A new trial was refused, and the defendant excepted.

1. While upon its facts this case is exceedingly close, we are of the opinion that there was sufficient evidence to authorize a finding by the jury in favor of the plaintiff. Although the original petition may have been framed on the theory that the husband of the plaintiff was killed in the yard of the Charleston & Western Carolina Railway and while occupying a position between a track in the yard and the Belt Line track, the petition was so amended, without objection so far as appears from the record, as to authorize the introduction of evidence to show that he was killed after taking a position on the Belt Line track and while giving signals from that position to direct the movement of the train which he was directing as yard conductor, and while he was engaged in the performance of his duty. And there was evidence which tended to prove, and which the jury were authorized to accept as establishing the fact, that in taking such a position on the track of the Belt Line the deceased was but doing that which other employees of the Charleston & Western Carolina Railway did continuously, one

witness testifying that he had done the same thing "a thousand times," and that it was the "common practice of our men." Another witness testified that "very often employees of the Charleston & Western Carolina yards have to go upon the Belt Line for the purpose of giving instructions and directions for the drilling of trains." It was also in evidence that the place at which the killing occurred was where the presence of people on the track was anticipated and where one would look for people to be on the track. There was also evidence from which the jury would have been authorized to find that the engine which struck Daniel was running at a high and dangerous rate of speed (when the character of the place is considered), and that the engine was being run with the tender in front, without a lookout, and without the giving of signals. We are of the opinion that when all of the evidence which is most favorable to the plaintiff's contentions is considered (and it was for the jury to say whether that evidence presented the truth of the case), there was sufficient evidence to authorize a finding in favor of the plaintiff .

2. Complaint is made in the motion for a new trial of the admission of certain testimony, and certain reasons are stated to show that the evidence should have been excluded; but it does not appear that these grounds of objection were urged at the time of the admission of the testimony which plaintiff in error now insists it was error to admit. A mere statement that testimony was admitted over objection, and that this was error for certain stated reasons, is not sufficient, where it does not appear that these reasons were urged before the trial judge when he ruled upon the question of admitting or repelling the evidence objected to. See *Andrews* v. *State,* 118 *Ga.* 1 (43 S. E. 852), and cases there cited.

*Judgment affirmed. All the Justices concur.*