BARRETT, guardian, *et al. v.* BARRETT.

No. 9231.   JUNE 15, 1933.

*Curry & Curry,* for plaintiffs in error.
*Hammond & Kennedy* and *Lee, Congdon & Fulcher,* contra.

RUSSELL, C. J. This case was previously before this court. 173 *Ga.* 375. By bill of interpleader filed by the Missouri State Life Insurance Company, two conflicting claims were before the court to determine whether the mother of Frank H. Barrett, Mrs. Bertha M. Barrett, or his children, William K. Barrett and Anne C. Barrett, were entitled to receive the proceeds of certain life insurance policies. In the former trial of this case the only question presented was the merit of the lower court's rulings upon demurrers; but we are of the opinion that these rulings fixed the law of the case, so as to be controlling upon every point sought to be presented and reviewed by the present writ of error. When the case was here before and the allegations of the petition were being considered, this court practically and substantially held that if the plaintiff proved the allegations contained in her intervention, she was entitled, upon equitable principles, to be substituted as a beneficiary in the two contracts of insurance in place of the children of the insured, upon the principle, among others, that equity considers that to be done which ought to have been done. The facts as assumed to be true for the purpose of demurrer are so fully stated in the report of the case in 173 *Ga.,* that it is unnecessary that they should be repeated at the present time, otherwise than in the general discussion of the case. This court held: "Under the allegations in the petition, the insured did substantially all that was required of him under the terms of his policies of insurance to effect the change of beneficiary and to assign the beneficial interest in the proceeds of the policies, as shown by his written requests and agreements executed on the forms prepared by the insurance company and transmitted to them. His failure to comply strictly, and to the letter, with the written requirements as to a· change of beneficiary were sufficiently explained and excused. Under the facts pleaded, substantial compliance was sufficient; and under this ruling, the court did not err in overruling the general demurrer to the intervention of the defendant in error."

Under the pleadings and evidence the first question which arises in the consideration of this case—and it is all-important—is whether the facts upon which Mrs. Bertha M. Barrett relies are sufficient to effect a change of beneficiary. The provision of the policy upon this subject is: "The insured may at any time, and from time to time, during the continuance of this policy, with the consent of

the company, subject to any assignment of this policy, change the beneficiary or beneficiaries hereunder, by filing at the home office a written request on the company's form therefor, accompanied by the policy; such change to take effect only upon the endorsement of the same on the policy by the company; whereupon all rights of the former beneficiary or beneficiaries shall cease." According to the evidence in this case, the insured forwarded the written application for change of beneficiary upon the blanks prescribed by the insurance company, and verified in the form required by it, but the company did not endorse an entry of the change of beneficiary on the policies, for the reason that they were never forwarded to the company by the insured or by any person acting in his behalf. It developed from the evidence that the policies had been for several years in a lock-box in the National Exchange Bank of Augusta, the keys of which had been mislaid, and the original policies were not discovered until the box was opened by being broken by a locksmith after the death of the insured. In the former appearance of this case Mr. Justice Beck, delivering the opinion of this court, fully discussed this feature of the case in the light of the decisions of this court in *Nally* v. *Nally,* 74 *Ga.* 669 (58 Am. R. 458), *Farmers Bank* v. *Kelly,* 155 *Ga.* 733 (118 S. E. 197), Arrington v. Grand Lodge, 21 Fed. (2) 914, *Brown* v. *Dennis,* 136 *Ga.* 300 (71 S. E. 421), and *Smith* v. *Locomotive Engineers Ins. Asso.,* 138 *Ga.* 717 (76 S. E. 44), and declined to follow a doctrine contrary to the rulings in these cases by the Supreme Court of Illinois in Freund v. Freund, 218 Ill. 189. Mr. Justice Beck pointed out that "Cases in which it has been held that the desired change of beneficiary must be communicated to the company, or it amounts to an unexecuted or uncommunicated intention, are not applicable here; for the essential facts are different from the case now under consideration, where the formal request for a change of beneficiary was executed by the insured on forms prepared and submitted by the company, and regularly delivered to the agent of the company and by him forwarded to the home office, where the written request for a change now remains. An equitable principle applicable in this case is contained in the maxim that equity regards as done that which ought to be done; and in 37 C. J. 585, we find the principle stated: 'On the principle that equity regards as done that which ought to be done, the courts will give effect to the inten-

tion of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the home office of the company but was unable to send the policy by reason of circumstances beyond his control, as where it has been lost, or was in possession of another person who refused to surrender it, or was otherwise inaccessible.'" The court in the prior adjudication also repeated and approved the statement of Mr. Justice Hines in *Baldwin* v. *Wheat,* 170 *Ga.* 449 (153 S. E. 194), as follows: "Regulations of the association which provide the method for the change of the beneficiary must be complied with by the insured, to effect such change; and failure to comply with such regulations will make the attempt by the insured to change the beneficiary ineffectual. However, such regulations are made solely for the benefit and protection of the association; and where the association pays the fund into court, under an agreement that one of the claimants must file an equitable proceeding against the other to determine their rights thereto, the court may award the fund on equitable principles, and without regard to the technical defenses open to the *association* under regulations made by it for the change of such beneficiary. Between the adverse claimants such regulations, in a court of equity, have no effect except to aid and ascertain the intention of the insured." In the case at bar the Missouri State Life Insurance Company, in its petition for interpleader, stated in effect that the petition was filed merely to protect the company from two payments on one liability, and to protect itself from suit by two distinct parties, and offered to pay the money into the court, or to hold it at the order of the court, subject to a payment of 3-1/2% interest per annum, until the termination of the litigation; and prayed that the court direct to whom the proceeds of the two policies should be paid. This court, upon the authority of *Dell* v. *Varnedoe,* 148 *Ga.* 91 (95 S. E. 977), *Mitchell* v. *Langley,* 143 *Ga.* 827, 832-33 (85 S. E. 1050, L. R. A. 1916C, 1134, Ann. Cas. 1917A, 469), and *Royal Arcanum* v. *Riley,* 143 *Ga.* 75 (84 S. E. 428), in the language used in the *Varnedoe* case, applied the doctrine that "where the association stood indifferently between the parties, as in this case, the court applied the doctrine of equitable relief as between the claimants to the fund, considering that as done by the insured member which ought to be done."

The motion for new trial contains 25 grounds. The errors complained of may be classified in four groups. Grounds 1 to 7 complain that the verdict was contrary to the evidence. The second group, complaining that certain evidence was erroneously admitted, embraces grounds 8 to 16. Grounds 17 to 24 assign error upon charges of the court, which are alleged to constitute prejudicial errors. Ground 25 assigns error in that certain requests to charge were not granted.

■ After a careful review of the evidence, we are of the opinion that there was evidence offered in support of the response of the defendant in error, Mrs. Bertha M. Barrett, which fully authorized the finding of the jury in her favor. Under the ruling of this court when the case was here before, when the point that Mrs. Bertha M. Barrett was a mere volunteer was raised, this court fixed the law of the case in holding that the consideration, at that time merely alleged, but now proved, was good and sufficient to be the basis of the change of the beneficiaries intended to be effected by Frank H. Barrett, the insured.

■ Grounds 8, 9, and 10 of the motion for new trial assign error upon the admission of certain testimony of the witness James M. Hull Jr. We are of the opinion that the conclusion reached by the judge, upon the preliminary examination of the witness James M. Hull Jr., was correct under the rulings of this court in *O'Brien* v. *Spalding,* 102 *Ga.* 490 (31 S. E. 100, 56 Am. St. R. 202), and *Bank of Lumpkin* v. *Farmers State Bank,* 161 *Ga.* 801 (132 S. E. 221), and other cases. There was no evidence to rebut the testimony to the effect that the obtaining of the blanks, and forwarding them to Mr. Barrett, or the friendly advice given by Mr. Hull to Mr. Barrett, was professional. It was rather the rendering of a friendly service for which no compensation was expected or charged. In fact the advice could scarcely be said to be legal advice, since only the blanks furnished by the insurance company could be used, and the blanks to be interlined were merely for the purpose of giving the names of present beneficiaries and the name of the beneficiary which it was proposed to substitute. On the preliminary examination Mr. Hull testified: "No entry on any books for this little service was made. No charge was entered, and certainly none was contemplated at the time. It was important, but not a complicated matter, one which didn't require any legal service." There was no

testimony to the contrary. We think the evidence adduced in the preliminary examination of the witness was sufficient to justify the court in the conclusion that the witness was not employed by the insured in connection with the matters testified about, but was merely a friend and advisor of the insured. The testimony was neither for nor against the insured or his estate. *O'Brien* v. *Spalding,* supra. The objections to the testimony of Mr. Hull were made en bloc, and the objection as first offered went to the whole of his testimony. Later the counsel for plaintiff in error asked permission of the court to qualify his objections to the testimony of Mr. Hull to the extent of insisting upon the objections to certain portions stated in very general terms, and then adding the objections to other portions of the testimony, also stated in very general terms.' We do not think the court erred in overruling the objections as made. The objections required reference to the evidence, and were not complete in themselves. On this subject see *Ray* v. *Camp,* 110 *Ga.* 818, 821 (36 S. E. 242) ; *Loe* v. *Brown,* 155 *Ga.* 24 (116 S. E. 309).

■ The objections to evidence, as set out in grounds 11, 12, 13, 14, 15, and 16 of the motion, are that it was immaterial and irrelevant and did not illustrate any issue in the case. The same point was raised by special demurrer when this case was previously before this court, and the affirmance of the judgment overruling the demurrer fixed the law of the case to the contrary of the contentions of the plaintiffs in error upon these points. The objections to the testimony of Thomas Getzen, W. P. DeVaughn, and Hal D. Beman, were overruled, and the testimony was properly admitted, under the previous judgment of this court in this case. The court, through Mr. Justice Beck, said that the allegations of the petition "show that Mrs. Bertha M. Barrett can not be treated as a mere volunteer. There was a good consideration inducing the insured to make this change." The only objection to this testimony being in effect that it was irrelevant and immaterial, this is an insufficient ground to authorize the grant of a new trial. *Chandler* v. *Mutual Life &c. Asso.,* 131 *Ga.* 82 (2) (61 S. E. 1036).

■ When the charge of the court is considered as a whole, and especially in the light of the evidence and of the former decision of this court, the assignments of error contained in grounds 17 to 24, inclusive, of the motion for a new trial are without merit.

■ The 25th ground complains of the refusal of the court to charge a series of propositions of law, which evidently purport to cover all phases of the case. The requests appear one after another, with no apparent separation. They were evidently presented as a whole and refused as a whole. A comparison of the charge of the court as delivered shows that many of these requests were dealt with and completely covered in the general charge of the court. It is nowhere alleged that any of the principles stated are not referred to in the charge delivered by the court, and among the requests for instructions are propositions either erroneously stated or not applicable to the case on trial. In one instance the plaintiff in error requested the court to charge that "Any right to change the beneficiary is one of contract, and it can be accomplished only in the manner pointed out in the policy." This request could not have been given in the charge to the jury in this case, under the statements of the court in ruling upon the demurrers in *Barrett* v. *Barrett,* supra. At that time Mr. Justice Beck, speaking for the court, said: "Numerous decisions laying down the same rule are cited and quoted from in the brief of counsel. But in the present case there are other principles that are applicable, principles of an equitable nature." The judge applied the principles stated when this cause was heretofore before this court, in his rulings upon the admissibility of evidence, and in his charge to the jury, and in his refusal of the requests for instruction to the jury presented en bloc, some of which were at variance with the law of the case as fixed in *Barrett* v. *Barrett,* supra. He therefore did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*