## 44293. DOZIER v. THE STATE.

PANNELL, Judge. The defendant, in a two-count accusation, was charged with and convicted of the offense of selling whiskey contrary to the law of this State, and of selling beer on Sunday. Her motion for new trial was overruled and she appealed to this court enumerating as error, among other rulings, the order overruling her motion for new trial "upon the general and special grounds." *Held:*

1. The evidence was amply sufficient to authorize the verdict of guilty on both counts. There was no failure to prove the charge of selling beer on Sunday merely because the sale occurred prior to dawn on Sunday morning. Appellant relies

upon *Dinkler v. Jenkins,* 118 Ga. App. 239 (163 SE2d 443). That case was reversed in *Hawes v. Dinkler,* 224 Ga. 785 (164 SE2d 799).

2. One of the State's witnesses testified that on the two occasions in question, a Negro county police officer was present taking up dance tickets and that this officer was a part-time police officer of the county. The State offered testimony of a witness, after the defendant's statement, to the effect that the county only had two full-time Negro police officers, neither of whom was the alleged police officer present at the scene. . After the prosecuting attorney had finished examining this witness, the defendant objected to the testimony on the grounds (1) that it was not offered in rebuttal, and (2) that the State could not impeach its own witness. The prosecuting attorney then stated to the court in the presence of the jury that he was offering this testimony to show that neither of the full-time county police officers was present at the scene of the offense. The trial judge sustained the objection and instructed the jury to disregard the evidence, after which the defendant's attorney moved for a mistrial contending that this evidence, although ruled out, was prejudicial. The trial court overruled the motion. We see nothing so prejudicial as to require a retrial of the case on these grounds. While the evidence may not have tended to corroborate the testimony of the prior State's witnesses that a part-time Negro police officer was at the scene of the crime, neither did it conflict with such prior testimony, as contended by the defendant. It accordingly could not prejudice the jury by misleading them into believing that because no full-time Negro police officer was present, it necessarily followed that no part-time Negro police officer was present.

3. During the opening arguments, the prosecuting attorney made the following remarks: "If as reasonable men, if you have a doubt in your minds as to the guilt of the defendant, then it is your duty to acquit, and say that she is not guilty; but I submit to you on the issue of guilt or innocence of the defendant, there is absolutely no doubt that she is guilty; I think that the evidence fully substantiates that. I don't know how the defense thinks, but I submit to you the reasons why." At this point, counsel for the defendant moved for a mistrial on the grounds that the prosecuting attorney had stated his opinion to the jury as to the defendant's guilt.

The court overruled the motion for mistrial and instructed the jury "that the opinion of the solicitor should not be considered by the jury as evidence in the case, as stated in the argument of counsel in this case; you are to take the evidence from the testimony of witnesses who testify in the case that is admitted in evidence, from which you are to arrive at a verdict after the trial of the case in your jury room." No specific rebuke was given the prosecuting attorney.

"[A] statement by the prosecuting attorney in his argument, expressive of his opinion of the defendant's guilt . . . should be construed to mean that the testimony led him to this conclusion, and that the jury should reach the same conclusion. In the absence of anything to the contrary, the solicitor's remarks will be regarded as a deduction from the evidence. . . What the law condemns is the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd v. State,* 143 Ga. 286, 289 (84 SE 971). "Under this rule as applied to the facts, the court did not err in refusing to declare a mistrial. . ." *Gossett v. State,* 203 Ga. 692 (8) (48 SE2d 71). The statement made by the prosecuting attorney in the present case "was materially different from the statements considered and dealt with in the following decisions cited for [the appellant]: *Broznack v. State,* 109 Ga. 514 (3) (35 SE 123); . . . *Johnson v. State,* 150 Ga. 67 (1) (102 SE 439); *Georgia Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384)." *Gossett v. State,* 203 Ga. 692, supra, hn. 8 (a). *Moore v. State,* 10 Ga. App. 805 (74 SE 315); *Jones v. State,* 123 Ga. 129 (51 SE 312). Particularly is this true where the trial judge instructs the jury to disregard the remarks of the prosecuting attorney and to make their verdict according to the evidence in the case. See *Johnson v. State,* 150 Ga. 67 (1), supra; *Boyers v. State,* 198 Ga. 838 (4) (33 SE2d 251).

If *Sparks v. State,* 59 Ga. App. 883 (2 SE2d 506), quoting from Bishop's Criminal Procedure contains anything contrary to the decision of the Supreme Court in *Floyd v. State,* 143 Ga. 286, 289, supra, it must give way to the authority of the Supreme Court of this State. The decision by this court in *American Oil Co. v. McCluskey,* 118 Ga. App. 123 (162 SE2d 853), relied upon by counsel for appellant, was reversed by the Supreme Court in *McCluskey v. American Oil Co.,* 225

534

Ga. 63 (165 SE2d 830), but not published in the reports until about the time the present case was argued.

4. The following request to charge was refused by the trial judge: "Gentlemen, I further charge you that a suspicion of guilt alone, however strong, has no probative value, and, if you find that the evidence introduced upon the trial of this case together with all reasonable inferences and deductions therefrom raises in your minds and consciences only a suspicion of guilt of the accused of the crime with which she is charged in the indictment, you must acquit the accused, Emma Dozier, because a jury cannot convict upon the basis of mere conjecture and bare suspicion, and in that event the form of your verdict would be, 'We, the jury, find the defendant not guilty.' " In support of the correctness of the charge and its applicability to the evidence the appellant states that the request was taken from *Lewis v. State*, 196 Ga. 755 (27 SE2d 659). The request to charge is a combination of two requests to charge in the *Lewis* case. As to these charges, the court in the *Lewis* case held that they were not proper requests for the reasons that "[t]he words 'the jury can not convict upon mere conjecture and bare suspicion' were not adjusted to the evidence in the case" and that "[s]o to charge would have unjustifiably reflected upon the State's evidence, and the request was more favorable to the accused than the evidence authorized." P. 760. The court further held that a request to charge in substance "that a suspicion alone, however strong and well founded, has no probative value, and that if the facts and circumstances in the case raise only a suspicion of guilt the jury should acquit the defendant," was not a correct request to charge, stating "[t]his request is not based upon the evidence, and constitutes an unwarranted reflection upon the evidence offered by the State. The rule for testing the evidence was clearly and fairly set forth in the general charge to the effect that the circumstances must exclude every reasonable hypothesis save that of the guilt of the accused, in order to convict." P. 762. The request to charge deals primarily with circumstantial evidence. The present case depended upon direct evidence, the testimony of the police officer that he bought the whiskey and the beer from the defendant herself. Accordingly, we must hold that the request to charge was not adjusted to the evidence in the case

and the trial court did not err in refusing to give it in charge to the jury.

5. The trial court refused to give the following request to charge: "Now, gentlemen, I also charge you that a reasonable doubt as to the guilt of the accused, Emma Dozier, of the crime with which she is charged in the indictment may arise from the evidence introduced upon the trial of this case, or it may arise from the absence of evidence, or it may arise from a failure of the State to introduce evidence, or it may arise solely and only from all or any part of the unsworn statement of the accused, or it may arise from a conflict in the evidence, or it may arise from a conflict between the defendant's unsworn statement, or any part thereof, with the rest of the evidence, or any part thereof, or it may arise from the weakness or insufficiency of the evidence, or it may arise from the unreasonableness of the testimony, or it may arise from an infinite number of other causes, or, finally, such reasonable doubt as to guilt of the accused may arise from any combination of the foregoing sources or causes."

"A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial. *Etheridge v. Hobbs,* 77 Ga. 531 [3 SE 251]." *Macon, Dublin &c. R. Co v. Joyner,* 129 Ga. 683, 688 (59 SE 902). The written requests must be legal, apt, and precisely adjusted to some principle involved in the case. *Sikes v. Seckinger,* 173 Ga. 673 (160 SE 911); *Barrett v. Barrett,* 177 Ga. 190, 196 (170 SE 70). The above request in stating that a reasonable doubt in addition to the cause given "may arise from an infinite number of other causes" lacked the perfection required, as this left the jury to wander "amid an infinite number of the other causes" without guidance. The trial court did not err in refusing this request to charge.

No error appearing, the judgment of the trial court is affirmed.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*

SUBMITTED MARCH 3, 1969—DECIDED APRIL 7, 1969.

*Harl C. Duffey, Jr., James A. Robbins, Jr.,* for appellant.
*Robert G. Walther, District Attorney,* for appellee.