45420.   SLAUGHTER v. LINDER.

145

ARGUED JUNE 4, 1970—DECIDED JUNE 18, 1970—
REHEARING DENIED JULY 6, 1970.

*Billy E. Moore,* for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley,* for appellee.

EBERHARDT, Judge. ■ The evidence was conflicting, and a verdict for either party was authorized, though not demanded. "It is the duty of the court to construe the evidence most strongly in support of a verdict which has been approved by the trial judge." *Associated Mutuals, Inc. v. Pope Lumber Co.,* 200 Ga. 487, 496 (37 SE2d 393). The general grounds of the motion for new trial are without merit.

■ Appellant relies heavily upon her contention that the court committed error in failing to charge, "as requested by plaintiff and as pleaded in plaintiff's complaint, as to the principles of law contained in *Code Ann.* § 68-1625 pertaining to the operation of a motor vehicle [while] under the influence of intoxicants."

(a) The transcript discloses that at the close of the charge counsel for plaintiff excepted to the failure of the court to give an *oral* request to charge on *Code Ann.* § 68-1625. The enumeration of errors complains of the court's failure to charge in this respect "as requested by plaintiff." There is no written request in the record, and we must conclude that there was none. Requests to charge must be timely and properly submitted in writing. *Code Ann.* § 70-207 (b); *Gilmore v. State,* 117 Ga. App. 67 (1) (159 SE2d 474). "It is never error to deny an oral request to charge." *Kendrick v. Kendrick,* 218 Ga. 460 (2) (128 SE2d 496). This requirement extends to pertinent sections of the Code which a party may desire to have included in the charge. *Suber v. Black,* 168 Ga. 439 (4) (148 SE 81). And see *Ernest L. Miller Co. v. Gauntt,* 93 Ga. App. 178 (2) (91 SE2d 104).

(b) If the request had been submitted in writing we should hold that denial of it was proper. "A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will

not be cause for a new trial. *Etheridge v. Hobbs,* 77 Ga. 531 (3 SE 251); *Macon, Dublin &c. R. Co. v. Joyner,* 129 Ga. 683, 688 (59 SE 902). The written requests must be legal, apt, and precisely adjusted to some principle involved in the case. *Sikes v. Seckinger,* 173 Ga. 673 (160 SE 911); *Barrett v. Barrett,* 177 Ga. 190, 196 (170 SE 70)." *Dozier v. State,* 119 Ga. App. 531 (5) (167 SE2d 670).

The request was directed to the whole of *Code Ann.* § 68-1625, which contains detailed provisions relative to the obtaining of blood tests for the alcoholic content of the blood of a driver who is suspected of operating a vehicle on the highway while under the influence of intoxicants. While an investigating officer who was at the scene of the accident testified that he smelled an alcoholic odor on the defendant's breath and asked him whether he had been drinking, and that defendant replied that over a period of several hours he had consumed two or three drinks, and that the defendant was thereupon charged with driving while intoxicated and carried to a hospital where a blood sample was obtained and the test was made, after which the charge was dropped, the officer was not permitted to state what the result had been—plaintiff objecting.[1] There is, therefore, no evidence in the record which would justify a charge of § 68-1625(b) (1), (2), (3), (4), (5), or (6). There was no evidence that the defendant was under the influence of any drug, and thus § 68-1625(c) was wholly inappropriate for the charge. Since the whole of § 68-1625 was not pertinent and appropriate, denial of the request was proper. "Unless a request to charge is all legal and pertinent, the court is not bound to give any part of it." *Gardner v. Granniss,* 57 Ga. 539 (15). And see *Denton v. Etheridge,* 73 Ga. App. 221, 229 (36 SE2d 365). The request, as made, was not adjusted to the evidence, and a denial of it was proper. *Bridges v. Donalson,* 165 Ga. 228 (5) (140 SE 497). See particularly *Davis v. Guffey,* 196 Ga. 816, 817 (27 SE2d 689), and *Woods v. State,* 102 Ga. App. 229 (115 SE2d 595).

---

[1]We do not reach the matter of whether there was a showing that defendant was less able to drive from being under the influence of intoxicants, but see in this connection, *Carr v. John J. Woodside Storage Co.,* 103 Ga. App. 858 (120 SE2d 907), reversed on other grounds in 217 Ga. 438 (123 SE2d 261).

(c) In his brief counsel for appellant urges that a charge of the portion of the Code section prohibiting the driving of a vehicle on the highway while under the influence of intoxicants and making it a criminal offense to do so should have been given because the pleadings and the evidence on this matter made it one of the substantial issues in the case and that it was error to fail to charge thereon, even without a request to do so, citing *Pryor v. Coggin,* 17 Ga. 444; *Phenix Ins. Co. v. Hart,* 112 Ga. 765 (1) (38 SE 67); *Mobley v. Merchants &c. Bank,* 157 Ga. 658 (1) (122 SE 233); *Investors' Syndicate v. Thompson,* 172 Ga. 203 (2 b) (158 SE 20); *Williford v. Swint,* 183 Ga. 375 (4) (188 SE 685); *Jackson v. Matlock,* 87 Ga. App. 593 (1) (74 SE2d 667); *Smith v. Harrison,* 92 Ga. App. 576 (1) (89 SE2d 273); and *Beadles v. Smith,* 106 Ga. App. 31 (4) (126 SE2d 250).

The only enumeration of error relative to this matter is that which deals with the "failure of the court to charge the jury, *as requested,* . . . as to the principles of law contained in Code § 68-1625, pertaining to the operation of a motor vehicle under the influence of intoxicants." We have dealt with this enumeration fully. There is no enumeration on the failure of the court to give a charge upon an issue made by the evidence and the pleadings, without a request to do so. Consequently, we do not have that question before us for decision. Although presented in the brief, "any error not enumerated shall be disregarded." *Windsor v. Southeastern Adjusters, Inc.,* 221 Ga. 329 (144 SE2d 739). "Although in their brief the defendants insist that the trial judge erred in overruling many of their numerous special demurrers, no ground concerning this was included in the enumeration of errors. Hence, we can not consider such ruling." *Cross v. Miller,* 221 Ga. 579, 582 (146 SE2d 279). "Appellant did argue, but did not set forth in his enumeration, that the finding of the court, which heard the case without the intervention of a jury, was not authorized by the evidence. Under Sec. 14 of the Appellate Practice Act (Ga. L. 1965, pp. 18, 29, as amended by Ga. L. 1965, pp. 240, 243; *Code Ann.* § 6-810), this court has no jurisdiction to consider grounds which, though argued are not enumerated according to that section." *Calhoun v. Patrick,* 116 Ga. App. 303 (157 SE2d 31). Accordingly, we can not consider and do not reach the question as

to whether there may have been error in the failure of the court to charge in this respect and for this reason.

■ In excepting to the charge at its close plaintiff's counsel stated: "Now, as to the yielding of the right of way, I think it was error to charge that inasmuch as the testimony of all of the witnesses, every one, including the defendant himself, said that the collision didn't take place in an intersection. While it is conceded by plaintiff that she did enter the highway, certainly she had left the intersection and charging that is error." The court had charged the pertinent portion of § 68-1650(c) in substance: "When the intersection is designated by the board, or local authorities having jurisdiction of a yield intersection, the driver of a vehicle approaching a yield sign shall in obedience with such sign slow down to a speed reasonable under the existing conditions and shall yield the right of way to any vehicle in the intersection approaching on another highway so close as to constitute an immediate hazard during the time such driver is moving within and across the intersection."

Sergeant Jones, a passenger in plaintiff's car, testified that plaintiff stopped at the yield sign, then "went across the highway for about 50 yards—or 50 feet, and pulled into the right-hand lane. Then we was struck. There was a great impact." Plaintiff testified that the impact occurred about 250 feet south of the intersection. Michael McBride, a military policeman who went to the scene and investigated the accident, testified that indications of the collision on the highway showed it to have occurred about 25 feet south of the intersection. Defendant testified that he approached the intersection at a speed of about 45 miles per hour, that plaintiff entered from an approaching road or street when he was about 25 feet away and at a speed of approximately 25 miles per hour, that when he saw her come into the intersection he immediately applied his brakes, locking the wheels, struck the rear of her car after skidding about 35 feet, and that her car came to rest about 200 feet further down the road.

The provisions of *Code Ann.* § 68-1504(8)(b) are that "When required means that the vehicle confronted with a 'Yield' sign gives the right of way to all other vehicles approaching the intersection in the other travel lanes, but when no other vehicle is approaching may continue on into the intersection."

Under this status of the evidence a charge of § 68-1650(c) was not error, for the evidence authorized a finding that at the time plaintiff entered the four-lane highway defendant's vehicle was so close to the intersection as to constitute an immediate hazard, requiring that she await a clearance of the intersection by defendant before entering. That the collision may have occurred a short distance below the intersection rather than immediately in it does not render this provision of the Uniform Traffic Law inappropriate or inapplicable.

The yield sign which faced the plaintiff as she approached the intersection was for the benefit of traffic already on and moving in the direction which she intended to take when entering the highway (*Lewis v. Wilson,* 111 Ga. App. 666, 669 (142 SE2d 852)), but it was in her own interest to observe the requirement.

■ Error is enumerated upon failure of the court, without request, to charge *Code Ann.* § 68-1626(c), violation of § 68-1626, having been pleaded in the complaint as an act of negligence. Section 68-1626(c) provides: "The driver of every vehicle shall, consistent with the requirements of subdivision (a), drive at an appropriate reduced speed when approaching and crossing an intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway, and when special hazard exists with respect to pedestrians or other traffic or by reason of weather or highway conditions." The court had charged that "No person shall drive a vehicle on the street or highway at a speed which is greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards in existence. In every event, the speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with the legal requirements and the duty of all persons to use ordinary care."

There was no request to charge the provisions of § 68-1626(c), and a failure to charge them was not error. *Grayson v. Yarbrough,* 103 Ga. App. 243, 247 (119 SE2d 41). In *Grayson,* as here, the charge of negligence in the complaint had been a violation of *Code Ann.* § 68-1626, while the contention on appeal was that the

court had erred in failing to charge § 68-1626(b)1. And see *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836 (3) (156 SE2d 106).

Moreover, we think the charge as given substantially covered the desired instruction and that it was better adjusted to the evidence than would have been the provisions of § 68-1626(c).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*